## COUGER et ux. v. COSTELLO.
### No. 708.

Court of Civil Appeals of Texas. Eastland.
June 6, 1930.

Rehearing Denied Sept. 12, 1930.

See, also, 10 S.W.(2d) 746.

McFarlane & McFarlane, of Graham, for appellants.

Ritchie & Ritchie and John C. Miller, all of Mineral Wells, and T. P. Perkins, of Fort Worth, for appellee.

FUNDERBURK, J.

E. P. Costello sued John Couger and wife, Breckie E. Couger, seeking to recover upon a note for $9,150 and to foreclose a deed of trust lien on 457½ acres of land, the separate property of Mrs. Couger. From a judgment for plaintiff against John Couger upon the note and against both defendants for foreclosure of the deed of trust lien the defendants have appealed.

In defense against plaintiff's suit the defendants pleaded (1) failure of consideration; (2) want of consideration; (3) fraud in the procurement of the execution and delivery of the note and deed of trust; and (4) as a part of the allegations of such fraud facts to show the note and deed of trust were executed for the purpose of placing the said property beyond the reach of a creditor who had instituted suit in Young county against plaintiff and the defendants. Special issues were submitted to the jury, which, with their answers thereto, were as follows:

"Special Issue No. 1: Was the note herein sued upon and executed by the defendant E. P. Costello given in consideration of E. P. Costello's agreeing to pay off and discharge the notes held by J. K. P. Hughes, R. N. Williams, and J. S. Williams, George Mehaney, Lee Repass and H. N. Ford, executed by the defendant, John Couger as principal, with E. P. Costello as surety? Answer 'Yes' or 'No.' Answer 'Yes.'

"Special Issue No. 2: At the time of the execution of the deed of trust on the part

of Breckie E. Couger, did she execute the same for the purpose of securing the note described therein and executed by her husband, John Couger, and herself? Answer 'Yes' or 'No.' Answer 'Yes.' "

It was the contention of the defendants that the several notes mentioned in special issue No. 1, upon which Costello was surety for Couger, had, prior to the execution of the note and deed of trust involved in this suit, been paid by the conveyance to Costello of 1,384%₁₁ acres of land. Costello contended that the sale to him of said 1,384%₁₁ acres of land was a mortgage, from the foreclosure of which nothing had been realized because of the existence of prior mortgages. Upon this phase of the contention Costello introduced in evidence, over the objection of the defendants, a certain judgment in said suit in Young county in which plaintiff and the defendants, with others, were parties, wherein it was declared that said deed was a mortgage, and its foreclosure was decreed.

█ Appellants' first proposition challenges the correctness of the action of the trial court in admitting the said judgment. To aid in a proper understanding of the point it may be mentioned that, in reply to the defendant's allegations that the deed to the 1,384%₁₁ acres of land had been given in payment and discharge of the notes upon which Costello was surety for Couger, the former pleaded said judgment as res adjudicata of the fact that said deed was only a mortgage. The defendants' objections to the admission in evidence of the judgment involve only questions peculiar to the subject of res adjudicata. We do not, however, find it necessary to test the correctness of the court's action solely by the rules applicable to res adjudicata. The fact of whether or not the deed to the 1,384%₁₁ acres of land was a mortgage was not an ultimate issue in the case, but only an evidentiary fact. The ultimate issue of which it was evidentiary was want of consideration for the execution of the note and deed of trust. We believe that the judgment was res adjudicata of the fact that the deed was a mortgage and not a conveyance of the land. "A judgment rendered by a court having jurisdiction of the parties and subject matter * * * is conclusive and indisputable evidence as to all * * * facts put in issue in the suit and actually adjudicated therein when the same come again into controversy between the same parties or their privies in proceedings upon the same or a different cause of action." 34 C. J. 902. All of these requisites appear in this judgment, either expressly or as supplied in the nature of presumptions which usually support the judgments of courts of general jurisdiction. But, whether the judgment was admissible solely as showing res adjudicata of said fact is not, we think, determinative of the ques-

tion of its admissibility. Even if the judgment was not conclusive of the fact, it was admissible none the less, simply as evidence of the fact having some probative force. As said before, the real and ultimate issue was want of consideration. As bearing upon that issue the fact was material whether Couger was indebted to Costello. The recitations in the judgment supporting Costello's contention as to that fact were competent evidence, even if not conclusive. Hence, we conclude there was no error in the action of the court in admitting the judgment.

It is next insisted that the court erred in refusing to give, at appellants' request, the following special issue: "Did Mrs. Couger execute the deed of trust in question upon the consideration that her land would be deeded back to her upon the settlement of the pending lawsuit in Young County?"

It will be remembered in this connection, as shown by the foregoing statement, that the jury found, in answer to a special issue that was submitted, that the note sued on was given in consideration of Costello's agreement to pay certain notes on which he was surety for Couger. It is argued that that issue presented plaintiff's contention, and that the one refused was an affirmative presentation of the defense to which appellants were entitled under authority of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 521. As we see it, the special issue requested and refused did not call for a finding upon any real issue presented by the defense. An affirmative answer to the question would not have been inconsistent with a purpose on the part of Couger and wife simply to prefer Costello over other creditors in the way of security. That would not involve an unlawful purpose. An affirmative finding of the fact would not have affected the right of Costello to a judgment upon the jury's findings upon the other issues submitted. A finding that there was an agreement that the land would be deeded back to Mrs. Couger upon the settlement of the pending lawsuit in Young county would not have entitled the defendants to a judgment in their favor. Such a fact would not have been determinative of either of the defenses pleaded—that is, failure of consideration, want of consideration, fraud in procuring the execution of the note and deed of trust, or transfer of the property for the purpose of defrauding creditors.

█ To illustrate what we mean: Suppose the requested issue had been given and the jury had found that Mrs. Couger did execute the deed of trust upon the "consideration (whatever that may mean) that her land would be deeded back to her upon the settlement of the lawsuit in Young county. That, of course, could not have literally meant "would be deeded back to her," since

936

the land was never conveyed to Costello. It could have meant no more than a finding of an agreement to release the deed of trust lien upon the contingency mentioned. Taking as true the finding of the jury in answer to special issue No. 2, that the deed of trust was given for the purpose of securing the note sued on, what would it matter if there was an agreement that Costello should release the deed of trust lien when the Young county suit should be settled? At least one of the notes involved in that suit represented the indebtedness, Costello's agreement to pay which was part of the consideration for the note in suit. On condition that that note be settled and all the other matters in controversy in the suit be settled, without recourse to the land of Mrs. Couger, it is not wholly unreasonable that Costello should have agreed to release the deed of trust. It was not shown that the Young county suit was settled in such a way as to mature the obligation of Costello to release the deed of trust under the terms of such agreement, if there was such an agreement, nor was any defense made involving such a theory. The requested issue being determinative of no issue in the case, we are of opinion there was no error in the action of the court in refusing same.

The contention that the court erred in refusing to give special issue No. 2, requested by appellants, likewise cannot be sustained. The requested issue was: "Did Mrs. Couger execute the deed of trust in question as security for her husband, John Couger?"

By reference to the foregoing statement it will be seen that the court did submit the issue: "At the time of the execution of the deed of trust on the part of Breckie E. Couger, did she execute the same for the purpose of securing the note described therein and executed by her husband John Couger and herself?"

We can see no material difference in the issue requested and the one given.

We are therefore of opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.