## SAMPLE v. RICHARDSON.
### No. 11784.

Court of Civil Appeals of Texas. Galveston.
June 13, 1946.

Rehearing Denied July 18, 1946.

Franklin, Kelly & Fellbaum, of Houston (Ernest S. Fellbaum, of Houston, of counsel), for appellant.

Ernest H. Folk and Howard S. Hoover, both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Wilmer Lee Richardson, for the recovery from appellant, R. I. Sample, of a balance alleged to be due him for services rendered under an oral contract of employment in appellant's boat repair yard at Lynchburg, Texas. He alleged that, under the terms of the contract, appellant had agreed to pay him $1.40 per hour, and that he would pay him additionally ten per cent of the net profits of the business during the time appellee worked for him.

Appellant answered by general denial and by special plea that under the terms of said contract of employment he had agreed to pay $1.40 per hour, plus time and one-half for overtime, and double time for all work done on Sundays and holidays, and that he would pay appellee a bonus, the amount of which was to be determined by him at the end of the year 1945, provided appellee remained on the job, performed his work in an efficient and competent manner, and the income of the business for the year 1945 was sufficient to justify him in doing so.

In answer to special issues submitted, the jury found, in substance, that in the oral agreement between the parties appellant had promised to pay appellee 10% of the net profits of his business; and that this agreement to pay appellee a percentage of the profits of his business was not conditional upon appellee's continuing in the employment of appellant throughout the year 1945. The jury fund that 10% of the net profits of appellant's business during the first five months of 1945 amounted to $2,146.35.

Judgment was entered on the jury's verdict in favor of appellee in the amount of $2,146.35, with interest.

Appellant bases his appeal upon the failure of the trial court to submit to the jury the three following issues:

(1) "Do you find from a preponderance of the evidence that under the agreement between plaintiff and defendant, entered into on or about January 1, 1945, defendant agreed to pay to plaintiff a bonus in addition to his regular hourly wage?"

(2) "Do you find from a preponderance of the evidence that under the agreement between plaintiff and defendant, entered into on or about January 1, 1945, the amount of the bonus, if any, to be paid to plaintiff in addition to his regular hourly wage, was to be determined by defendant?"

(3) "Do you find from a preponderance of the evidence that under the agreement between plaintiff and defendant, entered into on or about January 1, 1945, the bonus, if any, to be received by plaintiff was conditioned upon his continuing in the employment of defendant throughout the year 1945?"

Appellant assigns error in the trial court's refusal to submit the requested issues to the jury on the ground that they represented the theory of his defense, alleged to have been fully pled and proven, and that the requested issues sought to elicit facts, all ultimate and material to appellant's defense, an affirmative finding to which would preclude any right to a recovery by appellee.

The sole question presented on the appeal is whether an affirmative finding by the jury that under the contract between the parties appellant had agreed to pay appellee a bonus in addition to his regular hourly wage would have affected the right of appellee to the judgment rendered upon the jury's findings upon the other issues submitted.

We do not think that appellant was entitled to have the requested issues submitted to the jury, for the reason that under the pleadings of the parties and the evidence adduced they did not elicit ultimate issues of fact and if answered favorably to appellant the answers thereto would not have constituted defenses to appellee's cause of action. Appellee in his pleadings asserted no claim to a bonus. He based his right to recovery solely upon an alleged agreement by appellant to pay him a percentage of the net profits of appellant's business for the time he actually worked in addition to his regular hourly wage. While appellant alleged that, under the agreement entered into between himself and appellee, he had agreed to pay a bonus provided the income from the business for year 1945 justified such payment, and that such bonus was conditioned upon the appellee's working under such agreement the entire year of 1945, he did not allege that the asserted contract involving a bonus was the only contract of employment entered into between the parties. Therefore, a finding by the jury in answer to the requested issues that there was an additional agreement to pay a bonus would not have affected appellee's right to recover a percentage of the net profits of appellant's business under the agreement alleged by appellee and found by the jury to have been a part of the subject matter of their contract of employment.

It is the established law in this state that only material issues need be submitted to a jury and that immaterial issues are properly refused. 41 Tex.Jur., Sec. 234, page 1037.

It is also the established law that in submitting a case to the jury only the ultimate facts which go to make up the cause of action pled and established by proof or the defense thereto are required to be submitted to the jury. International-G. N. R. Co. v. Hawthorne, Tex.Civ.App., 90 S.W.2d 895, 897; Brown et ux. v. Federal Land Bonk of Houston et al., Tex.Civ.App., 180 S.W.2d 647; Couger v. Costello, Tex. Civ.App., 30 S.W.2d 934, writ refused; Traders & General Ins. Co. v. Carlisle, Tex.Civ.App., 162 S.W.2d 751, writ re-fused; Freeman v. Galveston H. & S. A. R. Co., Tex.Com.App., 285 S.W. 607, opinion adopted by Supreme Court.

Since affirmative answers to appellant's requested issues would not have affected the judgment rendered in favor of appellee, the judgment of the trial court in favor of appellee must be in all things affirmed.

Affirmed.