This action was brought by the plaintiff to recover damages for being ejected from one of the defendant's cars while he was riding therein as a passenger. He was nonsuited at the trial and the judgment entered upon the nonsuit was affirmed at the General Term. The material facts of the case are as follows: The plaintiff, being in St. Louis on the 21st day of September, 1877, purchased of the Ohio and Mississippi Railway Company a ticket for a passage from St. Louis over the several railroads mentioned in coupons annexed to the ticket to the city of New York. It was specified on the ticket that it was "good for one continuous passage to point named on coupon attached;" that in selling the ticket for passage over other roads the company making the sale acted only as agent for such other roads, and assumed no responsibility beyond its own line; that the holder of the ticket agreed with the respective companies over whose roads he was to be carried to use the same on or before the 26th day of September *Page 283 
then instant, and that, if he failed to comply with such agreement, either of the companies might refuse to accept the ticket, or any coupons thereof, and demand the full regular fare which he agreed to pay. He left St. Louis on the day he bought the ticket and rode to Cincinnati, and there stopped a day. He then rode to Cleveland and staid there a few hours, and then rode on to Buffalo, reaching there on the 24th, and stopped there a day. Before reaching Buffalo he had used all the coupons except the one entitling him to a passage over the defendant's road from Buffalo to New York. The material part of the language upon that coupon is as follows:
"Issued by Ohio and Mississippi railway on account of New York Central and Hudson River railroad one first-class passage,Buffalo to New York."
Being desirous of stopping at Rochester, the plaintiff purchased a ticket over the defendant's road from Buffalo to Rochester, and upon that ticket rode to Rochester on the 25th, reaching there in the afternoon. He remained there about a day, and in the afternoon of the 26th of September, he entered one of the cars upon the defendant's road to complete his passage to the city of New York. He presented his ticket, with the one coupon attached, to the conductor, and it was accepted by him, and was recognized as a proper ticket and punched several times, until the plaintiff reached Hudson about three or four o'clock, A.M., September 27, when the conductor in charge of the train declined to recognize the ticket on the ground that the time had run out, and demanded three dollars fare to the city of New York, which the plaintiff declined to pay. The conductor with some force then ejected him from the car.
The trial judge nonsuited the plaintiff on the ground that the ticket entitled him to a continuous passage from Buffalo to New York, and not from any intermediate point to New York. The General Term affirmed the nonsuit upon the ground that, although the plaintiff commenced his passage upon the 26th of September, he could not continue it after that date on that ticket. *Page 284 
We are of opinion that the plaintiff was improperly nonsuited. The contract at St. Louis, evidenced by the ticket and coupons there sold, was not a contract by any one company or by all the companies named in the coupons jointly for a continuous passage from St. Louis to New York. A separate contract was made for a continuous passage over each of the roads mentioned in the several coupons. Each company through the agent selling the ticket made a contract for a passage over its road, and each company assumed responsibility for the passenger only over its road. No company was liable for any accident or default upon any road but its own. This was so by the very terms of the agreement printed upon the ticket. Hence the defendant is not in a position to claim that the plaintiff was bound to a continuous passage from St. Louis to New York, and it cannot complain of the stoppages at Cincinnati and Cleveland. (Hutchinson on Carriers, § 579; Brooke v. The Grand Trunk Railway Co., 15 Mich. 332.)
But the plaintiff was bound to a continuous passage over the defendant's road, that is, the plaintiff could not enter one train of the defendant's cars and then leave it, and subsequently take another train, and complete his journey. He was not, however, bound to commence his passage at Buffalo. He could commence it at Rochester or Albany, or any other point between Buffalo and New York, and then make it continuous. The language of the contract and the purpose which may be supposed to have influenced the making of it do not require a construction which would make it imperative upon a passenger to enter a train at Buffalo. No possible harm or inconvenience could come to the defendant if the passenger should forego his right to ride from Buffalo and ride only from Rochester or Albany. The purpose was only to secure a continuous passage after the passenger had once entered upon a train. On the 26th of September the plaintiff, having the right to enter a train at Buffalo, it cannot be perceived why he could not, with the same ticket, rightfully enter a train upon the same line at any point nearer to the place of destination.
When the plaintiff entered the train at Rochester on the afternoon *Page 285 
of the 26th of September and presented his ticket and it was accepted and punched, it was then used within the meaning of the contract. It could then have been taken up. So far as the plaintiff was concerned it had then performed its office. It was thereafter left with him not for his convenience but under regulations of the defendant for its convenience that it might know that his passage had been paid for. The contract did not specify that the passage should be completed on or before the 26th, but that the ticket should be used on or before that day, and that it was so used it seems to us is too clear for dispute.
The language printed upon the ticket must be regarded as the language of the defendant, and if it is of doubtful import the doubt should not be solved to the detriment of the passenger. If it had been intended by the defendant that the passage should be continuous from St. Louis to New York, or that it should actually commence at Buffalo and be continuous to the city of New York, or that the passage should be completed on or before the 26th of September, such intention should have been plainly expressed and not left in such doubt as might and naturally would mislead the passenger.
We have carefully examined the authorities to which the learned counsel for the defendant has called our attention, and it is sufficient to say that none of them are in conflict with the views above expressed.
The judgment should be reversed and a new trial granted, costs to abide the event.
All concur, except TRACY, J., absent. ANDREWS, Ch. J., concurring in result.
Judgment reversed. *Page 286