JAMES E. KELSEY, RESPONDENT, v. THE MICHIGAN CENTRAL RAILROAD COMPANY, APPELLANT.

*Railway ticket — construction of it — a passenger cannot stop over, unless authorized by it so to do.*

The plaintiff, upon applying to an agent of the defendant to purchase a ticket from New York to Galveston, was shown two tickets. The words " Special first-class continuous passage " was printed upon one of the tickets, and upon

the coupon attached to it were printed the words, "Good only for a continuous passage." These words were not printed upon the other ticket. The first ticket cost fifty-four dollars, and the second, sixty-eight dollars and twenty-five cents. The plaintiff purchased the second ticket.

*Held,* that it could not be inferred from the difference between the two tickets that the second gave an unrestricted right to stop over at intermediate stations

That in so far as the right to break the continuity of the passage was concerned, the legal effect of the two tickets was the same.

That each entitled the purchaser to a continuous passage over each of the roads mentioned in the several coupons, and that neither of them conferred upon him the right to leave one train on any of the roads and afterwards continue his journey in another train on the same road.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict had been rendered in favor of the plaintiff, and appeal from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

In February, 1880, the plaintiff being about to take a journey to Galveston, Texas, went to an office of the New York Central and Hudson River Railroad Company, the agent of the defendant, in Brooklyn, to purchase a ticket. He was shown two kinds of tickets, distinguished as the limited and unlimited ticket, each of which had coupons attached to it. The form of the unlimited ticket was substantially as follows, viz.:

## N. Y. CENTRAL & HUDSON RIVER R. R.

NEW YORK TO ST. LOUIS, MO.

*Good for One First-Class Passage.*

Only upon presentation of this ticket, with coupons attached, and good only for thirty days from date. Not good unless stamped by Ticket Agent.

VIA N. Y. C. & H. R., G. W., M. C., C. & A. R. R.

Conductors are required to detach from this ticket and take up the coupons over their respective lines. The conductor upon the road at the end of the route will take up the ticket, as well as the coupon over his road. ☞ If the coupons belonging to this ticket are detached they will not be received for passage.

The form of the limited ticket was substantially as follows :

Jan.

Feb.

Mar.

Apr.

May

June

July

Aug.

Sept.

Oct.

Nov.

Dec.

ST. LOUIS.

ISSUED BY N. Y. CENTRAL & HUDSON RIVER R. R. CO.

SPECIAL FIRST-CLASS CONTINUOUS PASSAGE To ST. LOUIS, Mo.

☞ Not transferable and not good unless officially stamped and dated ☜

*If the coup's belonging to this ticket are detached they will not be received for passage.*

In consideration of the reduced rate at which this ticket is sold, it will be good only for a continuous passage, and must be used to destination prior to midnight of date, as indicated by punch marks on margin of this contract ticket, otherwise it shall not be valid for passage on either of the roads represented by the several coupons.

SPECIAL                    C. B. MEEKER,
B 105                                    *G. P. A.*

15 14 13 12 11 10 9 8 7 6 5 4 3 2 1

16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

ISSUED BY N. Y. CENT. & H. R R. COMPANY.

CHICAGO & ALTON R. R. CHICAGO TO ST. LOUIS.

Good only for a continuous passage when attached to ticket bearing contract and date.

SPECIAL. 310 B 105

*First Class.*

NEW YORK.

The words, "Good only for a continuous passage" were not printed upon the coupons of the unlimited ticket.

Upon the plaintiff inquiring for tickets, he was offered these two, the limited for fifty-four dollars and the unlimited for sixty-eight dollars and twenty-five cents. He purchased the unlimited ticket, paying the regular price or fare, sixty-eight dollars and twenty-five cents, because he wanted to stop over on his journey.

He took the train, the same day on which he bought the ticket, and prosecuted his journey uneventfully until he came to the defendant's road at Detroit. When the defendant's conductor came around for tickets, the plaintiff informed him that he wished to avail himself of the privileges of his ticket and stop over at Three Rivers, Michigan, a regular intermediate station on the line of the defendant's road, between Detroit and Chicago. The conductor took his ticket and subsequently gave him a stop over check, in which it is stated that it was good only for ten days from the date canceled on the margin.

The conductor did not call his attention to this check or to any condition in it, and Mr. Kelsey did not look at it or examine it, or know what was on it. He stopped at Three Rivers fourteen days.

Upon resuming his journey at the end of the fourteen days, he offered his check to the conductor. It was refused, the reason given being that it had expired, and Mr. Kelsey was ejected by the defendant from the car by force. This was still within the thirty days to which his ticket limited him. The plaintiff claimed that the terms and symbols contained in and used upon the stop-over check were ambiguous and hard to understand, even upon a careful examination; that the conductor was positively instructed to give no other form or kind of stop-over check, and would have given no other under any circumstances.

*Frank Loomis,* for the appellant.

*W. S. Logan,* for the respondent.

Gilbert, J.:

In the absence of a special contract, the ticket purchased by a passenger is the only evidence of the agreement on the part of the railroad company for his transportation over their railroad. An effort was made upon the trial on the part of the plaintiff, to prove a special contract (1) by evidence of a conversation between him and the person of whom he purchased his ticket. This evidence having been received, was afterwards and before the submission of the case to the jury, stricken out, on the motion of the defendant's counsel, and without exception by the counsel for the plaintiff. It need not, therefore, be further noticed. (2) The plaintiff was permitted to prove, that, on the occasion when he purchased his ticket, the ticket-seller showed him another ticket the price of which was less on which was printed the words, "special first-class continuous passage" and the coupons attached to which each contained the statement "good only for a continuous passage." The words quoted were omitted in the ticket and coupons which the plaintiff bought, nor did the ticket, or the coupons attached thereto, contain any limitation whatever, except that the ticket contained the words "good only for thirty days from date." The argument drawn from the difference between the two tickets is, that as the first provided expressly for a continuous passage from New York to St. Louis, and the other did not; the latter gave an unrestricted right to "stop over" at intermediate stations.

It is hardly necessary to spend time in showing that one contract cannot be used, alone, as the means of interpreting another. The legal effect of both kinds of tickets, so far as the right to break the continuity of the passage is involved, is the same. That principle has been conclusively established in this State by repeated adjudications. Both entitle the passenger to a continuous passage over each of the roads mentioned in the several coupons. Neither confers the right to leave the train on either road, and afterwards to continue the journey in another train. In a case decided in May last, the principles stated were distinctly decided by the Court of Appeals The plaintiff in that case had purchased a ticket from St. Louis to New York, similar to those before mentioned which limited the time within which it might be used, and contained these words: " Special limited ticket. Good for one continuous first-class passage to point named in coupon attached." The court said : " The contract at St. Louis, evidenced by the ticket and coupons there sold, was not a contract by any one company, or by all the companies named in the coupons jointly, for a continuous passage from St. Louis to New York. A separate contract was made for a continuous passage over each of the roads mentioned in the several coupons. Each company, through the agent selling the ticket, made a contract for a passage over its road. * * * The plaintiff was bound to a continuous passage over the defendant's road, that is, the plaintiff could not enter one train of the defendant's cars and then leave it and subsequently take another." (*Auerback* v. *N. Y. C. and H. R. R. R. Co.*, 89 N.Y., 281 ; see, also, *Kessler* v. *Same,* 61 N.Y., 538.) These decisions accord with numerous adjudications on the same subject. All show that the omission of a stipulation for a continuous passage affords no implication of a right to break the journey on either of the roads before reaching the terminus thereof, without the assent of the carrier on the particular road. (*Barker* v. *Coffin,* 61 Barb., 556 ; *Hamilton* v. *N. Y. C. R. R. Co.*, 51 N. Y., 100 ; *Gale* v. *Del. L. and W. R. Co.*, 7 Hun, 670 ; *Terry* v. *The Flushing, N. S. and C. R. Co.*, 13 id., 359 ; *Dietrich* v. *Pennsylvania R. R. Co.*, 71 Pa. St., 432 ; *Vankirk* v. *Pennsylvania R. R. Co.*, 76 id., 66.)

After the expiration of the time limited by the stop-over check, therefore, the defendant had a perfect right to eject the plaintiff

from the train upon his refusal to pay the fare. His ticket, independently of such check, had ceased to afford him the right to ride in the defendant's cars. But it was good for a continuous journey from Chicago to St. Louis, during the thirty days from the day it was issued.

The judge at the circuit disposed of the case upon erroneous principles, and exceptions were duly taken to his rulings.

The judgment and order denying a new trial must be reversed, and a new trial granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Exceptions sustained and judgment and order denying new trial reversed, and new trial granted, costs to abide event.