A. L. DEMILLEY v. TEXAS & NEW ORLEANS RAILWAY COMPANY.

No. 590.—Decided November 11, 1897.

**Passenger Carrier—Ticket—Limitation of Time.**

A ticket "Good for one first-class continuous passage on and from date stamped on back," entitled the holder only to one passage, beginning on the day of such date. (P. 216.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Liberty County.

Plaintiff in error brought the suit and recovered judgment in the trial court, which was reversed and remanded on defendant's appeal; whereupon appellee obtained a writ of error on the ground that the ruling practically settled the case.

*Lanier, Kirby & Martin*, for plaintiff in error, cited on the construction of the ticket: Rev. Stats., art. 3138; Webster's Dictionary, "From."

*S. R. Perryman, Baker, Botts, Baker & Lovett* and *A. L. Jackson*, for defendant in error, cited, Railway v. Powell, 35 S. W. Rep., 841.

GAINES, CHIEF JUSTICE.—The plaintiff in error brought this suit against defendant in error to recover damages, upon the ground as alleged, that he was wrongfully ejected from a train of the defendant by its conductor. He recovered a judgment in the District Court, which was reversed in the Court of Civil Appeals, for the reason, as held by the latter court, 'that the ticket which he presented for his transportation had expired by limitation and had become void.

The plaintiff took passage on the train of the defendant on the fifth day of August, 1894, and presented to the conductor a ticket which read as follows:  "Issued by the Texas & New Orleans R. R. Co.; good for one first-class continuous passage, on and from date stamped on back.   Devers to Houston.   Fare $1.65.   L. J. Parks, A. G. P. & T. A."   The stamp on its back was dated June 16, 1894.   Did the ticket entitle the holder only to one passage beginning on the day of its date, or was it unlimited as to time?   The question is not without difficulty. "From" as applied to time usually means "after," and as applied to a day commonly excludes the day mentioned.   But if the intention was to make the ticket unlimited it is quite obvious that the use of the words "on and from date stamped on back" were wholly unnecessary, and in a document of so much brevity it is hardly to be presumed that unnecessary verbiage would have been employed.   On the other hand, to have provided that the ticket should be good only for the day of its issue might not have met the case, for the remainder of the day might not have been sufficient for the completion of the passage.   The purpose therefore may have been to provide that the ticket should be good for one passage to begin on the day of its date and to continue after that day until the journey should be accomplished.   The language is elliptical and not so clear as it might have been made, but it is susceptible of that meaning.   "One continuous passage on and after the date stamped" may mean "one passage to begin on and to continue from the date until completed."   If they do not mean that they mean nothing. The rule is, that in case of a doubt as to the construction of a writing it should be resolved against the party whose language it is; and this is clearly a case for the application of the principle, provided a resort to the rule were necessary in order to determine the construction.   Though this meaning is not quite apparent upon first blush, we think the words manifest that it was the purpose to limit the ticket to a right of passage to begin on the day of its date.   The Court of Civil Appeals in effect so held, and reversed the judgment and remanded the cause.   This ruling practically settled the case, and in order to give this court jurisdiction the plaintiff in error so alleged in his application for the writ of error.   Finding no error in the judgment of the Court of Civil Appeals it is our duty under the statute to affirm their judgment in so far as it reverses the judgment of the District Court and to render judgment against the plaintiff in error.   And it is accordingly so ordered.

*Affirmed and judgment rendered for defendant.*