# Morningstar *v.* Louisville & Nashville Railroad Company.

*Action by Passenger to recover Damages for Ejection from Train.*

1. *Duty of common carrier to passengers; limitation of ticket.* Where, in a passenger's ticket over a railroad, there is nothing expressed to the contrary, the stipulation purporting to limit the use of said ticket to a specified time, fixes that time as the latest for commencing and not completing the journey; and if the journey is commenced within the time specified, the passenger is entitled to be carried to his destination named in said ticket.

2. *Same; same.*—Where the holder of a passenger ticket, purchased from a railroad company for transportation over its road, is prevented from entering upon his journey until midnight of the day stipulated upon the ticket for it to expire, by reason of delay of the train scheduled to leave his place of starting before midnight; and because of such lateness of the train said passenger does not make connection at a junction along the line of said railroad, with the train going to his place of destination, and after arriving at said junction said passenger is diligent in attempting to pursue his journey and takes passage upon the first train leaving said junction going to his place of destination as stated on said ticket, such passenger is entitled to be carried to his place of destination by the use of said ticket; and upon the conductor of the train which he boarded refusing to accept said ticket for his passage and ejecting him from the train, the railroad company is liable to said passenger for damages sustained.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellant, Henry Morningstar, against the appellee, the Louisville & Nashville Railroad Company.

In the complaint, the plaintiff claimed two thousand dollars damages, and averred that the defendant was a public common carrier of passengers, operating a railroad from the city of Mobile, in the State of Alabama, to the city of Pensacola, in the State of Florida; that on May 21, 1900, while the plaintiff was lawfully on a certain train of the defendant, travelling from Flomaton, Alabama, a station on its railroad, between two said stations of Mobile and Pensacola, to and towards the city of Mobile, and was provided with a ticket regularly sold and issued by the defendant to the plaintiff, which entitled him to passage on its said train, to the city of Mobile at the time specified; that the plaintiff tendered to the conductor in charge of said train the said ticket, but that said conductor improperly refused to accept said ticket "and rudely, unlawfully and tortiously ejected plaintiff from said train at a point along" its line of railroad, to the plaintiff's great damage. The complaint then averred the damages complained of, which included the humiliation and distress of mind, exposure and physical suffering, which resulted in sickness and great personal injury to plaintiff. The defendant pleaded the general issue.

On the trial of the case, the plaintiff testified that he purchased from the agent of the Louisville & Nashville Railroad Company at Mobile, during the month of May, 1900, a ticket from Mobile, Ala., to Pensacola, Fla., and return, said ticket being known as a round-trip ticket. The return portion of said ticket was introduced in evidence, and was a regular ticket for passage of a passenger from Pensacola to Mobile, Ala., and contained the following stipulations and provision: "Void after May 20, 1900."

On the trial it was admitted by the defendant that the ticket offered in evidence was a part of the identical ticket purchased by Mr. Morningstar from the agent of the Louisville & Nashville Railroad Company at Mobile, Ala.; that this ticket was honored for Mr. Morningstar's passage from Mobile, Ala., to Pensacola, Fla.; that Mr. Morningstar presented himself for passage at the Louisville & Nashville Railroad depot at Pensacola before

11:20 p. m. on the night of May 20th; that the train bound for Mobile was scheduled to arrive in Pensacola at 11:20 p. m. on the night of May 20th; that it did not arrive in Pensacola until after midnight of May 20th; that the portion of ticket offered in evidence was offered by Mr. Morningstar for passage from Pensacola to Mobile; that the conductor of the Louisville and Nashville Railroad Company in charge of the belated train from Pensacola to Flomaton, the junction point, honored the ticket for passage of plaintiff from Pensacola to Flomaton and punched same.

The plaintiff then further testified that when the train which he boarded at Pensacola arrived at Flomaton, the regular train on the defendant's road going to Mobile, with which the train from Pensacola, when on time, made connection, had departed from Flomaton, that he looked around and could find no passenger train at Flomaton at the hour he arrived there, which was going to Mobile that he made inquiries from the employees of the defendant, and was conducted by one of them to a coach which was in the defendant's yards at Flomaton, and was told that said coach constituted a part of the train that was going to Mobile; that he boarded this passenger car and found thereon several other passengers; that the train to which the passenger car was attached, left Flomaton going to Mobile a short time before 5 o'clock on the morning of May 21, 1900; that after said train had gone some distance from Flomaton, and when the conductor of said train came to take up his fare, he offered him the ticket which was introduced in evidence, but that the conductor refused to accept it; that although the plaintiff explained to the conductor the circumstances attending his trip, the conductor refused to accept the ticket and allow the plaintiff to go on to Mobile on said train, but putting his hands upon the plaintiff's shoulders, forced him to leave the train. There was other evidence introduced tending to show the injuries sustained by the plaintiff as alleged in the complaint.

The defendant introduced no evidence and moved the court to exclude all the evidence introduced by the plaintiff, upon the ground that it was irrelevant and

immaterial. The court granted this motion of the defendant, to which ruling the plaintiff duly excepted. Thereupon the plaintiff took a non-suit with bill of exceptions. There was judgment rendered in favor of the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

FITTS, STOUTZ & ARMBRECHT, for appellant.—Where a passenger is not at fault, and has done all that he is required to do, according to the terms of his contract, he is a legal passenger, and the carrier is liable in damages if its agents expel him from the train.—*Northern Pac. R. Co. v. Pausen,* 17 C. C. A. 287, 70 Fed. Rep. 585; *R. R. Co. v. Winter,* 143 U. S. 60.

Morningstar was sold a ticket by the plaintiff on which he was entitled to ride from Pensacola to Mobile, provided he used that ticket within a certain time. To do this and use this ticket it was only necessary for him to start on his journey before the time limit expired. *Auerbach v. R. R. Co.,* 89 N. Y. 261, 42 Am. Rep. 290; *Lundy v. R. R. Co.,* 66 Cal. 191, 56 Am. Rep. 100; *R. R. Co. v. Loomey,* 16 L. R. A. 471, note 2; 2 Woods Ry. Law, 1397-8; 4 Lawson's Rights, Remedies and Practice 3235; *Evans v. St. L. I. & So.* 11 Mo. App. 463; *Little Rock R. R. Co. v. Dean,* 51 Am. Rep. 584; *Ga. So. R. R. v. Bigelow,* 68 Ga. 219; 4 Elliott on Railroads, § 1589, p. 2497.

Plaintiff presented himself for passage before midnight of May 20th. The carrier's train was late. The carrier could not avail itself of its own default in failing to provide a train at the usual time.—*L. & N. R. R. Co. v. Hine,* 121 Ala. 237; *So. R. Co. v. Lynn,* 29 So. Rep. 573; *R. R. Co. v. Reynolds,* 55 Ohio St. 370; *O'Rourke v. Citizens St. R. Co.,* 46 L. R. A. 614; *L. & N. R. R. Co. v. Gaines,* 99 Ky. 411; 59 Am. St. Rep. 465, and cases cited; *Huffman v. R. R. Co.,* 76 Ala. 497.

GREGORY L. SMITH and JOEL W. GOLDSBY, *contra.*—In some states, it is held that where the passenger's ticket has become void by the fault of some other agent of

the company, a suit can not be maintained against the company for the act of the conductor in ejecting him, but the great weight of authority is that as between the conductor and the passenger, the ticket alone can be looked to in a suit for damages for ejection, and that the passenger to recover for the other wrongs must sue specifically for the damage sustained by such other wrongs, and Alabama is in line with the great weight of authority upon this subject.—*McGhee and Fink v. Reynolds,* 117 Ala. 419; *McGhee v. Drysdale,* 111 Ala. 597; *Manning v. R. R. Co.,* 95 Ala. 392; *Swain v. M. & S. R. R. Co.,* 132 Mass. 122; *Shelton v. L. S. & M. S. R. R. Co,* 29 Ohio, 219; *Pacific R. R. Co. v. Hind,* 41 Ohio, St. 276; *G. C. S. F. R. R. Co. v. Looney,* 19 S. W. Rep., 1039; *J. A. Patrie v. Pac. R. R.,* 42 N. J. L. 449; *Dierick v. Pa. R. R. Co.,* 71 Pa. 437.

SHARPE, J.—Apart from the office it may perform in evidencing the contract of carriage, the chief use of a passenger ticket is to identify the holder as a person who has paid his fare or has otherwise complied with conditions entitling him to carriage, and this use of it is ordinarily made when the holder offers himself to be carried; hence where nothing is expressed to the contrary a stipulation purporting to limit the use of a ticket to a specified time is construed as fixing that time as the latest for commencing and not for completing the journey.—*Auerbach v. N. Y. C. R. Co.,* 89 N. Y. 281; 42 Am. Rep. 290; *Lundy v. C. P. R. Co.,* 66 Cal. 191; 56 Am. Rep. 100. Accordingly, the clause in plaintiff's ticket declaring it "void after May 20th, 1900," implied a stipulation merely for plaintiff's commencement of the trip from Pensacola before the expiration of that day. He had a right to assume, and to rely upon the assumption that defendant would conform to its schedule for running trains, and was prevented from entering upon his journey on May 20th only by delay until after midnight, of the train scheduled to leave Pensacola at the hour of 11:20 p. m. of that day. Defendant was not entitled to treat its own default as defeating its obligation to the plaintiff, nor was that obligation discharged by placing him at Flomaton. Defendant operated the road from Flomaton to Mobile as well as that from Pensacola to

Flomaton, and having accepted his ticket for passage to the latter place, and having delayed his arrival there until the usually connecting train had gone, it was under the duty to not abandon him, and to afford him opportunity to proceed by another train to Mobile. If as the evidence tends to show, the plaintiff was duly diligent about attempting to pursue his journey from Flomaton, the conductor of the Mobile train in ejecting him acted not under, but in violation of, the contract of carriage. The ticket did not purport to show on its face, or in connection with the fact that plaintiff was journeying late, that any forfeiture had occurred under the time limitation, for the circumstances controlling his right to so travel were not disclosed by the ticket. The conductor in denying that right simply risked the company's responsibility upon the existence *vel non* of facts avoiding such forfeiture. The evidence offered by plaintiff tended to the establishment of such facts and should not as a whole have been excluded from the jury.

Reversed and remanded.