H. B. WOODARD v. THE TEXAS & PACIFIC RAILWAY COMPANY.

No. 6411.   Decided October 2, 1935.
(86 S. W., 2d Series, 38.)

*Jones & Jones,* of Marshall, for plaintiff in error.

Allegations of acts of insulting and abusive negligence of a carrier toward its passenger are sufficient to set out a cause of action for damages arising out of humiliation and mental anguish. Missouri Pac. Ry. Co. v. Kaiser, 82 Texas, 144, 18 S. W., 305; Houston, E. & W. T. Ry. Co. v. Anderson, 10 S. W. (2d) 767; Texas & Pac. Ry. Co. v. Jones, 39 S. W., 124 (writ denied); Hale v. Bonner, 82 Texas, 33, 17 S. W., 605, 14 L. R. A., 336; International & G. N. Ry. Co. v. Gilbert, 64 Texas, 538.

The improper argument on the part of attorney for railway company as to why plaintiff did not bring his suit at home, was an attempt to arouse the prejudice of the jury, and invited and provoked improper argument of a like nature on the part of plaintiff's counsel, and defendant cannot complain of the latter argument. Marcus v. Huguley, 37 S. W. (2d)

1100; Perkins v. Nail, 37 S. W. (2d) 211; Employers' Lia. Ass'n. v. Young, 34 S. W. (2d) 622; Corn v. Crosby County Cattle Co. (Com. App.), 25 S. W. (2d) 290; Norwich Union Ind. Co. v. Smith (Com. App.), 12 S. W. (2d) 558.

*Bibb & Bibb*, of Marshall, *J. H. Benefield*, of Jefferson, *T. D. Gresham* and *R. S. Shapard*, both of Dallas, for defendant in error.

The holding of the Court of Civil Appeals that where there is no physical injury, no injury to property, nor any other actual damage alleged, there can be no recovery of actual damage for mental anxiety is the established law of this state, is not in conflict with numerous cases cited by plaintiff, and is supported by the following cases. Phoenix Furniture Co. v. McCracken, 3 S. W. (2d) 545; Southwestern Bell Tel. Co. v. Cook, 30 S. W. (2d) 497; Missouri, K. & T. Ry. Co. v. Welch, 100 Texas, 118, 94 S. W., 333; Gulf C. & S. F. Ry. Co. v. Hayter, 93 Texas, 239, 54 S. W., 944.

On proposition that improper argument to jury constitutes reversible error. Texas & Pac. Ry. Co. v. Beezley, 101 S. W., 1051; Security Union Ins. Co. v. Alsop, 1 S. W. (2d) 921; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 43 S. W., 508; Robbins v. Wynne (Com. App.), 44 S. W. (2d) 946.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, H. B. Woodard, who will be designated plaintiff, sued Texas & Pacific Railway Company, herein referred to as defendant, in the District Court of Marion County, Texas, for damages. He alleged that as owner of a ticket sold to him by defendant he was returning from New Orleans to Alexandria, Louisiana, when he was subjected to certain mistreatment, as set forth in the following portions of his pleading:

"The defendant did negligently and carelessly cause and/or permit the plaintiff to be insulted, humiliated, and intimidated by an agent, servant, or employee of defendant or one permitted to operate over and use the lines of defendant between New Orleans and Alexandria, Louisiana, in that when plaintiff was returning from New Orleans to Alexandria, Louisiana, in accordance with his ticket and contract with defendant, said agent, servant, or employee, after accepting the return portion of plaintiff's ticket did, in the presence of other fellow passengers of plaintiff, demand that plaintiff pay his fare or get off the train. That plaintiff protested paying his fare for

the reason that he had already paid it once, and attempted to remain on said train without twice paying his fare.

"That notwithstanding the obligation of defendant as above alleged, it did cause or permit said employee to threaten to eject plaintiff and remove him from said train where plaintiff was entitled to be by virtue of said contract or ticket, and that when plaintiff protested at leaving said train, defendant did cause or permit an officer of the law to come upon said train at and near the station of Donaldsonville, Louisiana, and did cause and permit said officer of the law to threaten and intimidate plaintiff in the presence of his fellow passengers, thereby causing him great humiliation and mental suffering, and did further embarrass the plaintiff and demand that he either pay another fare or leave the train of the defendant.

"Plaintiff further shows that by reason of the conduct of the defendant in breaching or causing to be breached its contract with plaintiff entitling him to safe passage from New Orleans to Alexandria, Louisiana, as alleged, plaintiff was caused to suffer much mental pain and anxiety, and particularly was he humiliated and embarrassed by being threatened with arrest as above alleged."

Among the issues submitted to the jury was the following:

"Do you find from a preponderance of the evidence that the conductor or special officer of the train used language or conduct towards plaintiff which was of humiliating, insulting and threatening nature to him?"

To this issue the jury answered "yes."

The court in submitting the issue of damages instructed the jury as follows:

"You are instructed that you cannot take into consideration anything except the humiliation, embarrassment and mental distress, if any you find, that plaintiff suffered."

The jury awarded plaintiff $400.00.

The Court of Civil Appeals reversed the judgment of the trial court and directed that the cause be dismissed. Judge Levy dissented. 53 S. W. (2d) 82. The ground upon which the Court of Civil Appeals based its decision was that "damages cannot be recovered for mental suffering, when there is no physical injury, injury to property, or other damages."

■ In this holding the Court of Civil Appeals erred. We think it well settled by our own decisions as well as by the great weight of authority that if a passenger on a railway train is wrongfully subjected to insults, abuse or ill-treatment by

the agents or servants of the railway company, and is thereby caused to suffer humiliation and mental distress, he is entitled to damages, notwithstanding he may not have suffered any physical or property damage. Texas & Pac. Ry. Co. v. Armstrong, 93 Texas, 31, 51 S. W., 835; Houston & T. C. Ry. Co. v. Perkins, 21 Texas Civ. App., 508, 52 S. W., 124 (Writ ref.); Texas & Pac. Ry. Co. v. Jones, 39 S. W., 124 (Writ ref.); Missouri, K. & T. Ry. Co. v. Ball, 25 Texas Civ. App., 500, 61 S. W., 327; Gulf C. & S. F. Ry. Co. v. Luther, 40 Texas Civ. App., 517, 90 S. W., 44 (Writ ref.); see annotation in 23 A. L. R., pp. 385 to 391.

This was the only question passed upon by the Court of Civil Appeals, and as its judgment must be reversed on this point, it becomes our duty to pass upon other questions of law presented by the defendant in the Court of Civil Appeals.

In passing we may say that the defendant in the Court of Civil Appeals assigned no error raising the question that damages for mental suffering are not allowed in the absence of physical injury or other damages. The proposition relied upon by defendant was this:

"Where the evidence shows that the language, 'You are a hard-boiled negro and will have to get off the train or pay fare,' was the only objectionable language addressed to the plaintiff by carrier's agent, and where the plaintiff's testimony is that the carrier's agent spoke 'like the average white man talks to a negro,' there is no evidence on which to base damages for mental anguish and humiliation, and it was error for the court to refuse to give a peremptory instruction for the defendant carrier."

We think there was sufficient evidence to sustain the finding of the jury that "the conductor or special officer of the train used language or conduct towards plaintiff which was of a humiliating, insulting and threatening nature to him."

Defendant strongly urges that it was entitled to an instructive verdict, and submits in support of this contention the following proposition:

"Where the evidence unquestionably shows that the written contract of carriage between the passenger and the carrier; i. e., the ticket, is limited by the provision thereon: 'NOT GOOD FOR PASSAGE AFTER MIDNIGHT, JULY 14, 1930,' it is error for the trial court to hold that the ticket did not constitute a written contract between the passenger and carrier, under and by virtue of the terms of which the passenger

was not entitled to any transportation after midnight of date stamped."

■ The ticket in question provided as follows: "Good for one continuous passage." It also had the provision as follows: "Not good for passage after midnight, July 14, 1930." It is undisputed that plaintiff took passage on a train which was scheduled to leave New Orleans before midnight of July 14, 1930. We think it clear that the stipulation referred to had reference to the commencement of the journey and not to its completion, and as the "continuous passage" began before midnight of July 14, 1930, plaintiff had a right to complete his journey. Demilley v. Texas & N. O. Ry. Co., 91 Texas, 215, 42 S. W., 540; Texas & N. O. Ry. Co. v. Powell, 13 Texas Civ. App., 212, 35 S. W., 841; Morningstar v. Louisville & N. Ry. Co., 135 Ala., 251, 33 So., 156; Brian v. Ry. Co., 40 Mont., 109, 105 Pac., 489, 25 L. R. A. (N. S.), 459, 20 Am. Cas., 311; Auerbach v. New York Cent. & H. R. Ry. Co., 89 N. Y., 281, 42 Am. Rep., 290. This being true, the contention that the threat against plaintiff was provoked by his refusal to leave the train without an officer being called is without merit. Missouri Pac. Ry. Co. v. Martino, 2 Texas Civ. App., 634, 18 S. W., 1069.

Defendant complains of certain statements made by counsel for plaintiff in his closing argument to the jury. As disclosed by the bills of exception the language objected to was as follows:

"This railway corporation has carried on a lot of propaganda in Louisiana, and has poisoned the minds of the jurors there so that the plaintiff could not obtain a fair trial in Louisiana, and that is the reason why the case was not brought in the State of Louisiana."

"You have heard these lawyers, these railway hirelings, rail about jurors, but if they had their way about it, they would do away with jury trials and the jury system altogether."

"I tell you, gentlemen, that this defendant, this great and wealthy railroad corporation, is drunk on power."

"This suit was not brought in the State of Louisiana because of the wealth and power of this railway corporation, where, by reason of its wealth and power, the plaintiff could not get a fair trial against a corporation in Louisiana."

In each bill of exception there was a qualification to the effect that counsel for the defendant had previously com-

mented on the fact that plaintiff lives in Alexandria, Louisiana, that said city had good lawyers and good courts, and asked the jury why the plaintiff had come two hundred miles from home to bring his suit in Marion County, and also asked the jury if they would want to bring a law suit in the county where they were unknown instead of bringing it in their home county and among friends.

■ As it was disclosed by the evidence that plaintiff resided in Alexandria, Louisiana, it was proper for counsel for the railway company to comment upon the fact that his suit had been brought in Marion county rather than in Alexandria, Louisiana. In response to such argument we do not think counsel was justified in referring to the wealth and power of the railroad company and making the statement that by reason of its wealth and power plaintiff could not get a fair trial in Louisiana. But even if it were conceded that the statements as to why plaintiff could not get a fair trial in Louisiana were justified, it is obvious that the other statements had no relation whatever to the comment made by counsel for defendant, and on their face are manifestly improper and inexcusable. It is unnecessary to cite authority to support the conclusion that such inflammatory and unjustified remarks are reversible error under the rule now enforced by this court. Attorneys must come to understand that so far as this court may have jurisdiction to do so, the rules with reference to the orderly, fair and impartial trial of causes, as regards argument of counsel, conduct of jurors, and the substantial methods of procedure, will be consistently enforced. This is true, notwithstanding over zealous counsel may regard such rules as "idiotic" and as "nonsense." If attorneys persist in seeking to obtain verdicts of jurors by resorting to arguments such as is hereinabove set out, when they may safely entrust their causes to the jury upon the evidence and the charge of the court, commented upon in a fair and reasonable manner, they have no one to blame but themselves when a reversal is ordered by this court.

The judgments of the trial court and of the Court of Civil Appeals are both set aside and the cause is reversed and remanded.

Opinion adopted by Supreme Court October 2, 1935.