**SOUTHWESTERN BELL TELEPHONE CO.
v. HARDY.**

No. 2891.

Court of Civil Appeals of Texas. Beaumont.
Feb. 21, 1936.

Rehearing Denied March 11, 1936.

J. T. Garrison and C. E. Coolidge, both of Houston, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, Chief Justice.

In 1933 Phineas Bell owned a house in the city of Nacogdoches on the west side of Shawnee street. Appellant, Southwestern Bell Telephone Company, maintained one of its trunk lines on the east side of this street and served the Bell house with a telephone connected with this trunk line by a wire that extended across Shawnee street at an elevation of 18 or 19 feet above the street level. About the 1st of September, 1933, appellant removed the phone from the Bell house. In November Bell contracted with one J. H. Stafford to wreck this house, and notice was given appellant about the 28th of November to disconnect and remove its wire from this house, which appellant did not do. Three days after this notice Stafford disconnected the wire, as appellant had it fastened to the house, and tied the loose end to a porch post in the house. In making this connection Stafford lowered the elevation of the wire across the street so that appellee's son, Eulon Hardy, about sixteen years old, riding in a truck under this wire, was struck by the wire and knocked from the truck. This suit was instituted by appellee to recover the damages suffered by him because of the injuries to his son received in this accident, pleading lost time, doctor bills, sanitarium bills, etc. He pleaded generally the facts as summarized above, and six specific acts of negligence against appellant; the fourth ground being that appellant was negligent "in permitting the wire across Shawnee Street to sag or lower to a point above the surface of the street that would not permit free and undisturbed passage of traffic over and along said street." Answering the questions submitted by the court's charge, the jury found the follow-

ing facts: (1) Appellant had notice that "the house of Phineas Bell was about to be torn down," (2) appellant "failed to exercise ordinary care to remove the line from Phineas Bell's house after receiving notice that it was going to be torn down," (3) "which was negligence," and (4) "a proximate cause of the injuries inflicted upon Eulon Hardy." There was no question No. 5. By question 6 appellee's damages were assessed at the sum of $400. By the answers to questions 7, 8, and 9 the jury acquitted Eulon Hardy of contributory negligence. This appeal was regularly prosecuted from the judgment of the court entered in favor of appellee on the verdict of the jury.

## Opinion.

The undisputed facts were that the wire, as attached by appellant to the Bell house, did not constitute a source of danger to the general public traveling on Shawnee Street; when Stafford, Bell's agent, tied the loose end of the wire to the house post after detaching it from the house, it constituted a source of danger to the general public using Shawnee street; appellant had no control over Stafford, and there was no privity between them; it did not have actual knowledge of the dangerous position of the wire across the street, as it was attached to the house post, nor was the length of time—about two hours—that the wire remained across the street after Stafford attached it to the post sufficient to give appellant constructive knowledge of its dangerous position. On these undisputed facts appellant, by its first five propositions, contends that it was entitled to an instructed verdict for the following reasons: (a) It was guilty of no act of negligence proximately causing the injuries to appellee's son; (b) the wire had not been maintained in a dangerous position across the street "a sufficient length of time for the company in the exercise of ordinary care to discover that fact," therefore "the evidence did not raise an issue of the negligent maintenance of the wire by the defendant"; (c) the act of negligence submitted to the jury was not raised by the pleadings; (d) "no causal connection was shown between the failure of the defendant to remove the wire from the house after notice that the house was about to be torn down and the injuries inflicted upon the injured party by coming in contact with said wire"; (e) the evidence was insufficient to raise the issue of proximate cause submitted to the jury. These contentions are all overruled.

After removing its telephone from the Bell house, appellant was a mere licensee in maintaining its wire attached to the house. The notice to remove the wire revoked this license, and, after a reasonable length of time from receipt of this notice, appellant became a trespasser on Bell's premises. The jury convicted appellant of negligence in failing to remove its wire from the Bell house after notice. This act of negligence changed the status of appellant from that of licensee to that of trespasser, and gave Bell the right, through his agent Stafford, to detach the wire from his house. The measure of Bell's duty to appellant in doing this is not before us; the issue before us is the responsibility of appellant for the negligent manner in which Bell's agent attached the wire to the house post.

In its relation to the public using Shawnee street, appellant was under the duty to maintain its wire across that street in a position that would not be a source of danger to the general public. However, that duty was not absolute; the rule being, quoting from 62 C.J. 59: "However, a telegraph or telephone company is not an insurer against injury and has no absolute duty so to use and maintain its wires along and over streets and public places as not to obstruct the use of the street by the public or to render it dangerous for use, its duty requiring it only to maintain its wires and poles in a reasonably safe condition for those using the highway along which the line runs."

Under this general principle of law, appellant was not liable for injuries, 62 C.J. 60, "where it was not negligent either in the construction or maintenance of its line."

Being guilty of negligence in failing to remove the wire after notice, appellant was responsible to the general public for the act of Bell, and his agent Stafford, to the same extent as if its own agent had detached the wire from the house and fastened it to the house post, and was therefore under the duty to see that Bell or his agent, in detaching the wire from the house, did not thereby leave it in a dangerous position. This duty was predicated upon the proposition that appellant was required to exercise care to see that this wire was so maintained across Shawnee street as not to discommode the public, that is, constitute a danger to the public using the street, and is thus stated by 62 C.J. 62:

"In the absence of contributory negligence a telegraph or telephone company will be liable for injuries to persons proximately caused by the negligent or improper manner of constructing its lines, as in the case of injuries caused by wires being strung too low."

Since the law required appellant to take notice of the manner in which Bell's agent attached the wire to the post, after detaching it from the house, it was immaterial on the issue of appellant's liability to appellee whether it, in fact, knew the condition of the wire or not.

The act of negligence submitted by the court's charge was the very act of negligence plead by appellee.

■ The act of Bell's agent in detaching the wire from the house and tying it to the house post was not "a new and independent cause," breaking the causal connection between the negligent act found by the jury and the injuries to appellee's son. The determinative act of negligence was the one found by the jury; the act of Bell and his agent was in the direct line of causation, not as a fact issue for the jury, but as a conclusion of law, to the same extent as if this act had been performed by appellant's own agent.

Appellee pleaded a cause of action, which was properly submitted to the jury, and the jury's verdict, finding these issues in his favor, has abundant support in the testimony.

By the charge to the jury the trial court gave the following definition of proximate cause: "By the term proximate cause is meant that cause which immediately precedes and directly produces the injury and without which the injury would not have happened and which might have reasonably been anticipated as a natural and probable consequence."

Appellee excepted to this definition on the ground that it omitted the element of "a new independent cause." The "new independent cause," advanced by appellant as the basis of this assignment, was the act of Bell's agent in detaching the wire and tying it to the house post in a dangerous position across the street. What we have said above answers this contention.

We quote the twenty-first paragraph of appellant's motion for new trial:

"The verdict of the jury and the judgment entered thereon should be set aside and the defendant granted a new trial by reason of highly improper and prejudicial argument made by Mr. Adams, one of the counsel for the plaintiff, in his closing argument to the jury, said argument of the said Mr. Adams being as follows:

"(1) 'They talk about me failing to bring the boy (referring to Eulon Hardy, the minor son of the plaintiff) here when as a matter of fact, the boy is home in bed, an invalid, and they know it,' said argument being entirely outside of the record, there being no testimony to such effect and said argument being highly prejudicial.

"(2) 'They want me to bring the old woman (referring to the wife of the plaintiff) here when she is old and bent with age,' there being no evidence whatever in the record as to the condition of the wife of the plaintiff nor why she did not take the stand and said argument being highly prejudicial.

"(3) 'I ask you to answer Special Issues 1, 2, 3 and 4 "yes"; there is no Special Issue 5; Special Issue 6, $2,000.00 and Special Issue 7, 8 and 9 "no" in order that this plaintiff may have what is coming to him,' said argument, the case being submitted to the jury on Special Issues, informed the jury of the effect of their answers to said Special Issues and constituting an appeal for a general verdict for the plaintiff regardless of the facts submitted to the jury for their finding by the court."

Each of the grounds of this assignment was preserved by a separate bill of exception. To bills 1 and 2 the trial court appended the following qualification: "The Court noted defendant's objection and exception, and at the conclusion of the closing argument of the said plaintiff's Counsel, the Court instructed the jury that said argument was not based on any facts in evidence and was improper and that they should not consider the same for any purpose."

■ In Woodard v. T. & P. Railroad Co., 86 S.W.(2d) 38, 40, the Supreme Court, through its commission, stated the proposition that counsel must "intrust their causes to the jury upon the evidence and the charge of the court" and that it constitutes error for counsel to violate this proposition in his argument. This is no new legal proposition by the Supreme Court; it has always constituted error for a lawyer "to testify" before the jury, that is, to comment upon facts not in evidence. Argument No. 1 was in violation of this principle of law.

We cited this Woodard Case in Texas Company v. Gibson, 88 S.W.(2d) 757, recognizing that the Courts of Civil Appeals were bound by the law therein announced, but we attempted to distinguish the Woodard Case from the facts then before us. It was our conclusion that the appellant in the Gibson Case was not injured by the argument. We quoted from the record to show that the jury could have reasonably given Gibson twice the amount of damages awarded him, that the argument did not violate McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, and was provoked by argument by appellant's attorneys. The Supreme Court has granted a writ of error in the Gibson Case with the notation: "We are inclined to the view that the argument of counsel for the plaintiff in the District Court was improper."

If the argument in the Gibson Case was error—and the Supreme Court has clearly so held by its notation—then the argument complained of in this case is error, and forces a reversal of the judgment of the lower court.

Reversed and remanded.

### On Rehearing.

Upon another trial the court should define "proximate cause" as that term was defined by the Commission of Appeals speaking for the Supreme Court in Southland Greyhound Lines, Inc., v. Cotten, 91 S.W.(2d) 326, an opinion handed down since we filed our original opinion in this case. In all other respects appellant's motion for rehearing is overruled. Southland Greyhound Lines, Inc., v. Cotten.