**TRADERS & GENERAL INS. CO. v. CARLISLE.**

No. 14191.

Court of Civil Appeals of Texas. Fort Worth.

May 15, 1942.

Rehearing Denied June 12, 1942.

T. R. Boone, of Wichita Falls, and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

George W. McHam and C. J. Shaeffer, both of Dallas, for appellee.

McDONALD, Chief Justice.

This is a workman's compensation case. Plaintiff recovered judgment in the court below for total and permanent incapacity. Appellant presents eleven propositions upon appeal (the case having been briefed prior to September 1, 1941).

The first and sixth propositions are overruled under authority of the opinion of the Supreme Court dated March 25, 1942, answering certified questions. Traders & General Ins. Co. v. Carlisle, 161 S.W.2d 484.

Under the second, fourth and fifth propositions it is argued that plaintiff's notice of injury, and his claim filed with the Industrial Accident Board, related to a specific injury to the foot, and were therefore insufficient to support a suit for general injury. In the notice of injury and in the claim filed with the Industrial Accident

Board, plaintiff described his injury as follows: "Injury to muscles, ligaments, tendons, nerves, bones, blood vessels, and tissues of the right foot and all attachments thereto, causing total incapacity or loss of use, that may be permanent. Amount claimed is in excess of $500.00."

The injury was received on November 8, 1938. On March 4, 1939, plaintiff made an affidavit, which was shortly thereafter filed with the Industrial Accident Board in connection with his claim, in which it is recited: "I stepped down off of board on two inch pipe causing an injury to my right foot and right leg up to my hip. The force of the fall caused my foot to turn or 'buckle' under me, this causing a fracture of the bones and a strain of the foot generally and resulting in my entire leg being injured up to my hip. * * * At this time I am totally disabled to work, and while I am unable to state definitely how long such conditions will continue it may be permanent. At times as a result of the above described accident, I suffer pain not only in my foot but my knee, leg and hip. At times this condition feels numb and weak as though my right leg was becoming paralized."

■ Under authority of Traders & General Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431, writ of error dismissed, correct judgment, and cases there cited, we consider that the notice of injury and claim were sufficient to support the suit for total and permanent incapacity.

■ In any event, the affidavit filed constituted such an amendment of the claim as would support the suit filed. Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, writ of error dismissed; Western Casualty Co. v. DeLeon, Tex.Civ. App., 148 S.W.2d 446, writ of error dismissed, correct judgment.

The authorities cited by appellant do not support its propositions. In Hartford A. & I. Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205, 207, the claim filed with the Board recited that the claimant "only places claim for the specific injury of the loss of the left eye". In Booth v. Texas Emp. Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, the question is whether the jurisdiction of the district court is dependent upon claim being made to the Board for an amount of money within the jurisdiction of the district court. The case is not in point upon the question before us. Jones v. Texas Ind. Ins. Co., Tex.Civ. App., 15 S.W.2d 1077, simply holds that the district court does not have jurisdiction where the Industrial Accident Board has not made a final award. Texas Emp. Ins. Ass'n v. Hoehn, Tex.Civ.App., 20 S.W.2d 263, concerns a claim not filed with the Industrial Accident Board within the required time. Federal Surety Co. v. Jetton, Tex.Com.App., 44 S.W.2d 923, is a case where the claim was made against the wrong insurance carrier. Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, involves a suit to set aside a compromise settlement, and is in no way in point on the question before us. In Texas Emp. Ins. Ass'n v. Jimenez, Tex. Civ.App., 267 S.W. 752, the claim was held sufficient to support the suit in the district court. Texas Emp. Ins. Ass'n v. Newton, Tex.Com.App. 25 S.W.2d 608, involved the question of which county the suit must be filed in.

The third proposition concerns the introduction in evidence of the notice of injury and the claim for compensation filed with the Board. Defendant offered the two documents in evidence. Plaintiff objected to their introduction. The court inquired of defendant's counsel as follows: "For what purposes are you offering them?" Defendant's counsel replied: "Jurisdictional purposes, and for the purpose of showing what injury he claimed at that time."

Later in the colloquy between court and counsel, the defendant's counsel said: "Note our exceptions; and again we offer them, not only for the purpose of impeachment but also as a declaration against interest, and also for the purpose of showing that plaintiff never gave any notice of any kind or character of this particular injury he now alleges, nor did he ever file a claim for this particular injury." The court ruled that the notice and claim could be introduced for jurisdictional purposes and for purposes of impeachment.

■ It seems to us that the ruling of the court was, in substance, all that defendant's counsel asked for. The admission of the documents for jurisdictional purposes was sufficient upon the questions raised in the second, fourth and fifth propositions, above discussed. The admission of the documents for purposes of impeachment was sufficient to show what the plaintiff was claiming at the time he gave the notice and made the claim to the Board. The "declaration against interest", desired by defendant, amounted to no more, in effect, than an impeachment of plaintiff's claim on the trial that he had suffered more than a specific in-

jury to his foot. The two cases cited by defendant, Texas Emp. Ins. Ass'n v. Drews, Tex.Civ.App., 297 S.W. 630, and Travelers Ins. Co. v. Noble, Tex.Civ.App., 129 S.W.2d 778, are not in point. In both of them the same question was involved. The plaintiff introduced his notice of injury and his claim in evidence. In each case the appellate court held that the notice and claim were admissible for jurisdictional purposes only, but that no reversible error was committed in admitting them generally where the defendant made no request to limit the introduction of the documents for jurisdictional purposes only.

The seventh proposition complains of certain argument of plaintiff's counsel, made to the jury, commenting upon the absence of certain doctors who had examined plaintiff prior to the trial on behalf of the insurance carrier. Defendant has cited us no case holding that argument of the nature made here constitutes reversible error. Four of the cases cited concern jury misconduct, and are not helpful to us. The argument in Woodard v. Texas & P. Ry. Co., 126 Tex. 30, 86 S.W.2d 38, including references to the wealth and power of the defendant, was so obviously improper as not to require discussion. The effect of the argument in Robbins v. Wynne, Tex.Com.App. 44 S.W.2d 946, was to advise the jury that a certain absent witness had talked to the counsel making the argument and would have testified favorably to counsel's client. In Bell v. Blackwell, Tex.Com.App., 283 S.W. 765, the condemned argument consisted of a misstatement of the law to the jury. In Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423, counsel for plaintiff argued that one of the lawyers representing defendant had not appeared at the trial because he knew that plaintiff was entitled to recover. It is not difficult to understand why the argument made in that particular situation may have been very prejudicial.

■ The following authorities appear to support our theory that the argument did not constitute reversible error: Gulf C. & S. F. Ry. Co. v. Dooley, 62 Tex.Civ.App. 345, 131 S.W. 831; Marek v. Southern Enterprises, 128 Tex. 377, 99 S.W.2d 594; Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S. W.2d 663.

The eighth proposition complains of the refusal of the trial court to submit, upon request of defendant, an issue inquiring whether plaintiff received an injury to his foot. The ninth proposition complains of the refusal to submit an issue inquiring whether the injury to plaintiff's foot partially destroyed the use thereof. The tenth proposition complains of the refusal to submit an issue inquiring whether plaintiff received an injury to his leg. The eleventh proposition complains of the refusal to submit an issue inquiring whether the injury to plaintiff's leg partially destroyed the use thereof.

■■ The flaw in the argument supporting these propositions is that, had the requested issues been submitted and answered in the affirmative, they would not have constituted a defense to plaintiff's suit, nor would the answers have required a lesser verdict. Nor would they have constituted a conflict with the finding of total and permanent disability. It will be observed that the requested issues do not inquire whether the injury was confined to the foot, or to the leg. A finding of specific injury obviously will not preclude a recovery for general incapacity if the verdict also finds the latter. To illustrate, suppose plaintiff's foot had been amputated, and suppose he had also sustained general injuries. A jury finding that plaintiff had lost his foot would not prevent him from recovering compensation for his general injuries.

Our tentative opinion which accompanied the questions certified to the Supreme Court is withdrawn.

All propositions and assignments are overruled, and the judgment of the trial court is affirmed.