INTERNATIONAL & G. N. RY. CO. et al. v. LANDA & STOREY. (No. 5576.)

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1916.)

1. CARRIERS ⊂⊃227—CARRIAGE OF LIVE STOCK —PLEADING—DAMAGES.

In an action by shippers of live stock for delay in transit, the petition, alleging that the cattle should have reached destination on a given date, but did not, so that plaintiffs were compelled to hold them over for the next market, was insufficient as failing to allege when they arrived and why they were held over.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. ⊂⊃227.]

2. CARRIERS ⊂⊃227—CARRIAGE OF LIVE STOCK —ISSUES AND PROOF.

In an action by shippers of live stock for delay in transit, where the petition alleged only that the cattle should have arrived on a certain date, but did not, whereby the shippers were compelled to hold them over for the next market, proof of an additional shrinkage in weight after arrival and of the decline in the market at which the cattle were sold was inadmissible for want of basis in the pleadings.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. ⊂⊃227.]

3. TRIAL ⊂⊃251 — INSTRUCTIONS — ISSUES TO BE SUBMITTED—PLEADING TO SUPPORT.

In an action by shippers of live stock for delay in transit, where there was no basis in the pleadings for proof of shrinkage in weight after the shipment's late arrival, or for the decline in the market for which the cattle were held over, the court erred in submitting such matters to the jury, as well as an item for additional feed, as recovery should have been confined to the damages suffered by reason of the shrinkage in weight on account of the cattle's failure to arrive before a time which, though late, was nevertheless early enough to make a market before the one at which they were actually sold.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ⊂⊃251.]

4. CARRIERS ⊂⊃229—CARRIAGE OF LIVE STOCK —DELAY IN TRANSIT—DAMAGES.

The measure of damages recoverable by shippers of live stock for delay in transit was the difference in the market value of the cattle on arrival at market and their market value when and in the condition in which they should have arrived, unless the carriers' negligence caused the shipment to be held over for market after arrival.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ⊂⊃229.]

5. TRIAL ⊂⊃253 — INSTRUCTIONS — IGNORING EVIDENCE.

In an action by shippers of live stock for delay in transit, peremptory instructions for defendants on the ground that the evidence was insufficient as a basis for damages on account of a decline in the market on the day after the cattle arrived late were properly refused, where the evidence raised the issue of shrinkage in weight.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⊂⊃253.]

6. CARRIERS ⊂⊃213—CARRIAGE OF LIVE STOCK —DUTY OF CARRIER.

Carriers of live stock are not responsible for the usual and ordinary delays incident to the ordinary conduct of their business.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. ⊂⊃213.]

7. APPEAL AND ERROR ⊂⊃1067 — HARMLESS ERROR—REFUSAL OF CHARGE.

In an action by shippers of live stock for delay in transit, in view of the shippers' pleadings and the court's charge, the refusal to give a requested charge, that defendants were not responsible for usual and ordinary delays incident to their business, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ⊂⊃1067; Trial, Cent. Dig. § 475.]

8. CARRIERS ⊂⊃230—CARRIAGE OF LIVE STOCK —REQUIREMENTS OF FEDERAL ACT.

In an action by shippers of live stock for delay in transit, where the shipment was interstate and required at least 60 hours to make, the jury should have been instructed with reference to the requirements of the federal law as to the unloading of cattle for resting, watering, and feeding.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. ⊂⊃230.]

9. EVIDENCE ⊂⊃383—CONTRACT OF SHIPMENT —ADMISSIBILITY.

In an action by shippers of live stock for delay in transit, where plaintiffs read in evidence part of the contract of shipment, the clause that the live stock were not to be transported within any specified time, etc., not contrary to the federal statute touching the watering, etc., of live stock in transit, and not an attempt to contract against defendants' negligence, was admissible on behalf of defendants as showing the entire contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. ⊂⊃383.]

10. APPEAL AND ERROR ⊂⊃1050 — HARMLESS ERROR—EVIDENCE.

In an action for damages occasioned the shippers of live stock by delay in transit, the introduction of the file mark of the original pe-

tition, an immaterial matter, was harmless to defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

**11. WITNESSES ☞387—INCONSISTENT STATEMENTS.**

In an action by shippers of live stock for delay in transit, testimony of a plaintiff, on cross-examination as to his testimony in another action, tending to show that it would take a longer time to make a shipment of cattle from the shipping point to destination than was testified to by him, was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1228–1232; Dec. Dig. ☞387.]

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by Landa & Storey against the International & Great Northern Railway Company and another. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Fisher & Fisher and Robert L. Thompson, all of Austin, and Guinn & McNeill, of San Antonio, Wilson, Dabney & King, of Houston, and George Thompson, of Ft. Worth, for appellants. E. M. Capé and O. T. Brown, both of San Marcos, for appellees.

JENKINS, J. Appellees alleged: That they shipped over the International & Great Northern Railway, the Texas & Pacific and the St. Louis, Iron Mountain & Southern Railways, connecting carriers, certain cattle from Cotulla, Tex., to the stockyards in East St. Louis, Ill., for sale in that market. That said cattle should have arrived at their destination in time to be sold on the market of May 17, 1910, but that, by reason of the negligent delay of appellants in shipping said cattle, they did not arrive until the 18th, by reason of which they were compelled to, and did, hold them over until the 20th. That they were damaged by such negligence (a) in the decrease in the market value, (b) shrinkage in weight, and (c) by increased expense for feed. All of these items of damage were submitted to the jury. There was a general verdict for appellees, apparently for all of the items claimed by them.

Appellants the International & Great Northern and the Texas & Pacific Railway Companies have filed jointly 41 assignments of error, and the St. Louis, Iron Mountain & Southern Railway Company has filed 14 assignments of its own. We will not undertake to pass upon the assignments in this case seriatum, but will discuss briefly the issues raised by them in what appears to us to be their logical order.

[1] Appellants excepted to appellees' petition as not alleging a proper measure of damages, in that: (a) It did not allege when was the first market after the arrival of the cattle on the 18th; (b) it did not allege a decline in such market; and (c) it did not allege any fact showing a necessity for holding the cattle over until the 20th. We sustain this exception. The petition alleges that the cattle should have arrived on the 17th, that they did not do so, by reason of which the appellees were compelled to hold them over until the 20th. It should have alleged when the cattle arrived, and, if they were not sold on the next market, why they were held over.

[2–4] The uncontradicted evidence shows that the cattle arrived and were delivered at the stockyards at 9:30 a. m. Saturday, May 18th, in time for the market of that day, and that they were held over and sold on the 20th. For the reason that there was no proper basis in the pleading for proof of additional shrinkage in weight after their arrival on the 18th, nor of the decline in the market on the 20th, appellants' objections to such evidence should have been sustained, as should also their objection to the item for additional feed. For a like reason, the court erred in submitting to the jury these items of damages. Recovery should have been confined to the damages, if any, suffered by reason of the shrinkage in weight on account of their failure to arrive prior to 9:30 a. m. on the 18th, and the decline in the market on that day, as compared with the previous day, when, it was alleged, they should have arrived. Appellees' measure of damages was the difference in the market value of their cattle on the day of their arrival, and in their condition at that time, and their market value on the day and in the condition that they would have arrived but for the negligence of appellants or of one of them, unless it was the negligence of appellants that caused them to be held over until the 20th, which fact was not properly alleged, nor was it proven.

[5] Appellants asked for peremptory instructions in their favor, based upon the theory that the evidence was insufficient to show negligent delay. The evidence raised this issue. Peremptory instructions were also requested upon the ground that the evidence was insufficient as a basis for damages by reason of a decline in the market on the 18th, as compared with the 17th. If it be granted that appellants are correct as to these facts, the requested charges were properly refused, in that they ignored the issue of shrinkage in weight. For which reason we overrule the first, second, third, fourth, and fifth assignments of error.

[6, 7] The sixth assignment relates to the refusal of the court to instruct the jury that appellants were not responsible for usual and ordinary delays incident to the ordinary conduct of their business. Such being the law, it would not have been error to so instruct the jury. But, looking to the pleadings of appellees and the charge of the court, we do not think that appellants were injured by the refusal of the court to

give the requested charge. These observations apply also to the seventh assignment of error.

[8] The eighth assignment is as follows: "The court erred in refusing to submit to the jury special instruction No. 4, requested by defendants jointly, wherein the jury·were instructed with reference to the requirements of the federal law requiring the unloading of cattle and other live stock; for resting, watering, and feeding."

It appearing that this case involves an interstate shipment of live stock, and that it required at least 60 hours to make the shipment, it was error to refuse the requested charge. Railway Co. v. Jarman, 138 S. W. 1133; Railway Co. v. Moore, 149 S. W. 302; Railway Co. v. Carlisle, 34 Tex. Civ. App. 268, 78 S. W. 554; Railway Co. v. Jones, 104 Tex. 99, 100, 134 S. W. 328; U. S. Comp. St. 1913, §§ 8651–8654.

[9] That portion of the contract of shipment showing that the cattle were to be shipped from C'otulla, Tex., to Longview, Tex., "consigned to Godair-Russell, Nat. Stk. Yrd. Ill.," having been read in evidence by appellees, the appellants offered the following clause of said contract:

"That the live stock covered by this contract are not to be transported within any specified time, nor delivered at destination at any particular hour, nor in season for any particular market."

This was objected to on the ground that, this being an interstate shipment, "any stipulation therein is void, and not binding upon plaintiffs." Had this stipulation been contrary to the provisions of the federal statute, or an attempt to contract against appellants' negligence, it would have been void; but, as it was neither the one nor the other, it should have been admitted as showing the entire contract between the parties, a portion of which had been read in evidence by the appellees. Levy v. Goldsoll, 131 S. W. 420.

[10] We overrule the thirtieth assignment of error, as to the introduction of the file mark of the original petition. This appears to us to have been immaterial, but we do not see how appellants were injured by the admission thereof.

[11] H. C. Storey, one of the appellees herein, testified as a witness in his own behalf that he was experienced in the business of shipping cattle over the roads of appellants from points in Texas to East St. Louis, and that he knew the distance per hour ordinarily made over said roads, with stock shipments, the usual and necessary stops made by such trains, and the time that was usually consumed in shipping stock from Cotulla to East St. Louis. Appellants, upon cross-examination of said witness, sought to show by him that he had a similar knowledge as to such shipments from New Braunfels and San Marcos, Tex., in June, 1910, and in 1908, and that he had so testified

in another suit by the witness against these appellants, and offered to prove by him what he had so testified as to such time, and what was the fact as to such time. It was admitted that New Braunfels and San Marcos were stations on the International & Great Northern road between Cotulla and East St. Louis, through which appellees' cattle passed, as was also the distance from Cotulla to said stations, and the reasonable time consumed in running from Cotulla to them, and also the actual time so consumed in the shipment here involved. The purpose of said testimony was to show that adding the reasonable and necessary time consumed between New Braunfels or San Marcos and East St. Louis, as testified to by the witness on a former occasion and ·as he would have testified on this trial,·to the reasonable and necessary time for the run from Cotulla to New Braunfels or to San Marcos, it would take a longer time to make the shipment from Cotulla to East St. Louis than was testified by the witness on the trial then being had. We think this evidence was admissible, and that the court erred in sustaining appellees' objection thereto. Sterling v. DeLaune, 47 Tex. Civ. App. 470, 105 S. W. 1172.

We overrule assignments of error Nos. 37, 38, 39, 40, and 41. The assignments herein referred to are those fjled by the appellants the International & Great Northern Railway Company and the Texas & Pacific Railway Company. Our decision applies also to the assignments of error by the St. Louis, Iron Mountain & Southern Railway Company, which, so far as they go, raise the same issues as those presented by its codefendants.

For the reasons stated, the judgment of the trial court herein is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.