SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. MARTIN et al.
(No. 955.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1919.)

1. APPEAL AND ERROR ⟐⟐1002 — REVIEW — QUESTIONS OF FACT.

Verdict on conflicting evidence will not be set aside on appeal merely because it is against the preponderance of the evidence.

2. TRIAL ⟐⟐122 — CONDUCT OF COUNSEL — COMMENTS ON FAILURE TO CALL WITNESSES.

It is not improper for counsel to comment on failure of party to call known favorable witnesses for his opponent.

3. EVIDENCE ⟐⟐155(8) — ADMISSIBILITY OF WHOLE OF INSTRUMENT.

In an action on a fraternal benefit certificate, where defendant had introduced the original application for insurance, plaintiff was entitled to introduce the certificate of defendant's medical examiner attached to the application.

4. INSURANCE ⟐⟐650—FRATERNAL BENEFIT INSURANCE—CERTIFICATE OF MEDICAL EXAMINATION AS PART OF POLICY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4834, the certificate of the medical examination by the physician of a fraternal insurance society is made part of the insurance contract, and as such may be received in evidence in an action thereon.

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Action by Mrs. E. G. Martin and others against the Sovereign Camp of the Woodmen of the World, to recover on a benefit certificate. Judgment for plaintiffs, and defendant appeals. Affirmed.

Kirby & King, of Abilene, for appellant. Stinson, Chambers & Brooks, of Abilene, for appellees.

HARPER, C. J. Mrs. E. G. Martin, joined by her husband pro forma, brought this suit to recover of appellant, Sovereign Camp, W. O. W., $2,000, on a benefit certificate issued to Fred Martin, deceased, payable to Mrs. E. G. Martin, his mother. The case went to a jury upon special issues, and upon the answers, judgment was entered for plaintiff for the amount sued for.

The defenses are suicide of the deceased, and that his answer in the application that he did not then have syphilis was untrue.

[1] The jury found: First, that the policy was for $2,000; second, that Fred Martin did not die by his own hand or act; third, that he was not afflicted with syphilis at the time of making the application. The first assignment charges that the findings of the jury and the judgment of the court, in respect to the last two questions, are contrary to the law and the evidence. After careful review of the evidence we have concluded that it amply supports the verdict. The evidence upon the question of suicide as well as to whether he made a false statement as to being afflicted with disease is largely circumstantial, but upon both questions notably conflicting. In such cases appellate courts have authority to set aside a verdict when it is shown by such preponderance of the evidence to be clearly wrong, but the mere fact that it may seem to be against the preponderance of the evidence does not authorize this court to set it aside. American National Insurance Co. v. Fulghum, 177 S. W. 1008. And this case, we think, demands the application of this rule.

[2] The second charges error in the following argument of counsel for plaintiff:

"Now, the defendant does not want to be fair in this case; for, if it did, it would have taken the testimony of the witness Maiden, the clerk at the gun store, at the time it was taking the oral depositions in this case in Kansas.

City, and at the time they took those read before this jury; because it appears from his evidence that he was summoned before the notary taking the depositions by the attorneys for the defendants herein, and after a consultation he was told that his testimony could not be used."

The trial court in his qualifying statement to the bill cites evidence adduced in the trial of the case which rendered the argument permissible, if not entirely proper. It is not improper to comment upon the failure of a party to the case to call known favorable witnesses for his opponent. Winnsboro Cotton Oil Co. v. Carson, 185 S. W. 1002.

The third is addressed to the following: The defendant introduced in evidence the original application for insurance signed by deceased, whereupon the plaintiff offered the certificate of the defendant's medical examiner which was attached to the application:

"Is the applicant in your opinion free from tubercular and syphilitic taint? Yes.

"Are kidney, bladder, and genito-urinary organs in a healthy state and free from disease? Yes.

"I hereby certify that the answers to the above questions are in my own handwriting and that I have made a careful personal examination of the above-named applicant this 14th day of June, 1913; that I know him to be the identical person whose name is subscribed to this application; that this is a true statement of his condition, and applicant has paid me for making this examination.

"T. A. Jones, Camp Physician."

The defendant objected to its introduction upon the following grounds:

"(a) Because the testimony so offered is as to this defendant hearsay, and is not binding upon this defendant. (b) Because said testimony so offered is and was but the opinion of the party purporting to answer said two sections, and does not purport to be a statement of facts. (c) Because the authenticity of said report and said questions and answers thereto is and was not established. (d) Because there is no evidence before the court that said questions were written out or answered by a physician, or that T. A. Jones is or was a physician at said date or the day and date said report of examination was made out. (e) Because there is no evidence that T. A. Jones is, or was, a physician at said date or the day and date, said report was made out. (f) Because said purported physician's examination is but the act, statement, and declaration of a party purporting to be one T. A. Jones, who purports to be a physician, when there is no evidence before the court that there was any such party as T. A. Jones, or that he was a physician at the day and date the purported examination is supposed to have been made."

[3, 4] Error is assigned to the overruling of the objection; is overruled upon the ground: First, that, defendant having introduced a part of the document, plaintiff was entitled to have the whole go to the jury; second, under

article 4834, Vernon's Sayles' Statutes, this certificate of the medical examination is made a part of the contract, and provides that it may be received in evidence. Again, the evidence discloses that the deceased came to his death by a pistol wound, and the jury found against suicide. Therefore, whether the statement that he was not afflicted with disease at the time of filing his application becomes immaterial, even if he was so afflicted, because the disease could not have contributed to the death or risk.

The fourth is that there is no evidence to justify the court in submitting the issue of suicide overruled for the reasons assigned for overruling the first.

Finding no error in the record, the assignments are overruled, and cause affirmed.