VALENTINE GUERRERA v. THE STATE.

No. 20029.   Delivered January 25, 1939.
Rehearing Denied March 8, 1939.

The opinion states the case.

*Wade & Wade,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 99 years.

It appears from bill of exception No. 1a that the court charged the jury on Sunday, March 6, 1938, at 1:50 P. M. Charging the jury is strictly a judicial act. Moss v. State, 173 S. W. 859. Courts have no right to pronounce a judgment, or do any other act strictly judicial, on Sunday, in the absence of a permissive statute. Bloss v. State, 75 S. W. (2d) 694; Shearman v. State, 1 Tex. App. 215. We have in this state no statute permitting the jury to be charged on Sunday. In Moss v. State, supra, the court said: "Charging the jury is a high judicial function, and it cannot be lawfully exercised on Sunday." We are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The state, in its' motion for a rehearing, attempts to justify the action of the trial court in charging the jury on Sunday by reason of the exigencies of the occasion, in that the term of court expired on that day and a term of court began in another county in the same Judicial District on the following day. We do not know of any law, nor is our attention directed to any, which would authorize such judicial act to be performed on Sunday under any circumstances.

It would have been an easy matter for the court to have extended the term until the business in which he was engaged was disposed of. The statute specifically provides for an extension of the term of court. See Art. 1923, R. C. S. of Texas.

The state also requests us to express an opinion as to the sufficiency of the testimony to establish the corpus delicti, and also as to the admissibility of the alleged statements made by appellant to the officers.

We do not deem it necessary to do so as the testimony on another trial may not be the same.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.