## TEXAS STATE BOARD OF DENTAL EX- AMINERS v. FIELDSMITH.

### No. 14399.

Court of Civil Appeals of Texas. Dallas.

July 13, 1951.

Rehearing Denied Sept. 21, 1951.

Henry Wade, Dist. Atty., and John J. Fagan and Minor L. Morgan, Asst. Dist. Attys., all of Dallas, for appellant.

Grover Hartt, Jr., Dallas, for appellee.

CRAMER, Justice.

This is an appeal from a summary judgment. On August 25, 1950 appellee, a licensed and practicing Doctor of Dental Surgery in Dallas, Texas, filed suit in the District Court of Dallas County to set aside an order of appellant dated July 29, 1950, suspending his license to practice his profession, for a period of 60 days from August 15, 1950. Appellant's order was entered in a proceeding authorized by Art. 752c, sec. 4, Vernon's Ann.P.C., charging appellee with unprofessional conduct in the practice of Dentistry as set out in Art. 752b, subdv. (o). After notice by appellant Board to appellee to appear before the Board in the Adolphus Hotel, in Dallas, Texas, on June 18, 1950, to answer the complaint, appellee refused to respond to the notice, but his attorney, by letter, requested a continuance of the hearing from

3:30 P. M. Sunday, June 18, and a resetting on some future date other than a Sunday or a legal holiday. Appellant Board overruled and rejected the request in such letter for lack of merit and diligence. The Board, on Sunday, June 18, 1950, at 3:30 P. M., proceeded to hear the evidence on the complaint against appellee, which evidence raised the question of fact for the Board on the charge, and took the same under consideration. Thereafter, without due notice to appellee, the Board held a short hearing in Mineral Wells, and on such hearing, after each member of the Board agreed upon a disposition of the case, they entered their order on July 29, 1950, at 9:00 A.M., finding appellee Dr. Fieldsmith guilty as charged, and assessed the penalty above set out. From that order an appeal to the District Court of Dallas County was duly perfected under Penal Code, Art. 752c, sec. 5.

After the necessary motion, notice, hearing, etc., the District Court entered a summary judgment setting aside and holding for nought appellant's order. This appeal is duly perfected from such District Court order. Appellant assigns five points of error. We will consider the first four points together. They assert: (1) Error of the trial court in finding that the order made by appellant was void because the Board proceeded with the hearing and the trial of charges against him on Sunday; (2) error in holding, as a matter of law, that the hearing on Sunday and the failure to give legal notice of the final hearing in July at Mineral Wells constituted a suspension of appellee's right to practice his profession without due process of law, for the reason that the appellant, an administrative Board, is not prohibited from performing ministerial acts on Sunday; (3) that the Board's hearing on Sunday was a ministerial act and the order entered at its subsequent hearing at Mineral Wells is and was binding; and (4) error in holding void the order of appellant because notice was not given appellee as to the final hearing at Mineral Wells.

The hearing before the Board was a quasi-judicial trial on the merits of the charge; however, the appeal to the District Court under Art. 752c, sec. 5, was not a trial de novo, but only to determine (1) if the Board acted within the scope of its delegated authority; (2) if its orders were supported by substantial evidence; and (3) if the Board acted arbitrarily and capriciously.

All the evidence was heard by the Board on Sunday, in the absence of appellee, at a time after appellee's attorney had written the Board by mail protesting the setting on Sunday, advising and requesting the Board to set it on some other day. It also appears that after hearing the evidence on Sunday, in Dallas, the Board recessed until 9 A. M., July 29, 1950, at Mineral Wells. This appears in the minutes of the Board, but no direct notice or information of such hearing at Mineral Wells was given appellee.

A judgment rendered on Sunday in a judicial or quasi-judicial proceeding is void. Guerrera v. State, 136 Tex.Cr.R. 411, 125 S.W.2d 595; Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 33 S.W. 112, 30 L.R.A. 498; 39 Tex.Jur. 877. But appellant asserts that a setting of a hearing on, and reception of evidence on, Sunday is a ministerial act and not a judicial or quasi-judicial act.

Under the common law as adopted in Texas, Sunday was dies non juridicus. The exception was the performance of purely ministerial acts. The distinction between a judicial and a ministerial act is whether the act involves, or does not involve, discretion. Commissioner of the General Land Office v. Smith, 5 Tex. 471. See also Austin v. Eddy, etc., 41 S.D. 640, 172 N.W. 517.

The judicial function consists of (a) ascertainment of facts, (b) application of law to the facts, and (c) the rendition of a judgment or order based on the legal effect of such facts.

An act is a ministerial act only when the record is in such condition that there is no discretion to be exercised on the part of the Board except to perform a particular act or duty in but one way, as a legal and obligatory duty of his office....

 Under the record here we are of the opinion that the reception of evidence and the investigation of facts by the Board involved discretion and was a quasi-judicial act. Walker v. Johnson, 312 U.S. 275 (Syls. 4–5), 61 S.Ct. 574, 85 L.Ed. 830.

The setting and hearing on Sunday were, therefore, void acts.

 We further hold that the balance of the hearing later in Mineral Wells without due notice, and the entry of the order, based on evidence heard by the Board on Sunday, were void. Points 1, 2, 3 and 4 are overruled.

Appellant's fifth point asserts error in the rendering of a summary judgment against the Board and refusing to give it a trial de novo as to the validity of its order.

The answer of appellant Board includes a transcript of all its proceedings with reference to the matters here involved. It shows the complaint against appellee, notice to appellee of the filing of the complaint, advising him that if the complaint is docketed he would be notified. It shows an investigation was made, the complaint filed, and appellee notified of the hearing, the material portion of the notice reciting: "You are hereby notified that the Board will hold a meeting for the purpose of hearing and considering such complaint at 3:30 p. m. on Sunday, June 18, 1950, in the Adolphus Hotel in the City of Dallas, Dallas County, Texas. * * * You are further notified that you may appear and offer such evidence as is pertinent to your defense to such complaint at the time and place above stated." Also shows that appellee did not appear; that the Chairman of the Board entered a plea of not guilty for appellee.

The Board's file also shows a letter dated June 13, 1950 from appellee's attorney, advising the Board, in substance, that he had received the notice of the Sunday setting and that since the Board would be in Dallas several days, requested the Board to reset the hearing for some date other than Sundays and legal holidays, and that he be given notice of such hearing. The Board's reply, material here, was: "Your letter addressed to Dr. Weber concerning the complaint against Dr. Hugo Fielschmidt which has been set for June 18, 1950, has been received. The Board of Dental Examiners will be in Dallas, Texas Sunday through Friday of the week of June 18; however, from Monday through Friday the Board will be engaged in giving an examination to 134 applicants which is an arduous task. The Board has tried to consider the time of Dr. Fielschmidt and its own full schedule in arriving at the hearing time of 3:30 P. M., Sunday, June 18. This Sunday afternoon setting will allow Dr. Fielschmidt to appear without being out of his office and thus lose valuable time in taking care of his patients, and it will give the Board an opportunity to hear his case without being rushed or being tired from other labors."

The letter was answered by appellee's attorney, omitting formal parts, as follows: "After receiving your letter of June 14, 1950 regarding the hearing on this complaint, I talked with Dr. Fielschmidt. We fully appreciate the importance of the task which the members of the Board have in giving the examinations which you have mentioned. The charges brought against my client are of such a grave and serious nature that a proper hearing is essential to protect his interest. As a matter of justice he is entitled to ample time for this hearing. For this reason we again respectfully request that any hearing on this case shall be properly set down for some future time, convenient for the members of the Board if that is possible. We regret that we shall not be able to participate in any hearing or trial called on Sundays." The Board's findings and order were mailed to appellee July 31, 1950.

 All the above matters were before the trial court at the time of the hearing on the motion for summary judgment, as was a claim by appellee that the matters involved were moot. After considering such record, we are of the opinion that the trial court did not err in entering the summary judgment. The Board in refusing to remove the Sunday setting from its docket and in proceeding with such quasi-judicial hearing on Sunday, acted arbitrarily and capriciously. Appellant's point 5 is overruled.

217

Appellee's two cross-assignments, or points, assert that since the sixty-day period after August 15, 1950 (the date the suspension period was to begin) has long since expired, the question here is moot.

It would have been better if the order had set the period of suspension to begin at a stated number of days after its order should become final. However, the exact question raised by appellee has been passed upon, adversely as to appellee, by the Austin Court of Civil Appeals in Lackey v. State Board of Barber Examiners, 113 S. W.2d 968. If the order of the Board had been upheld, the court could have set another date as the commencement date of the suspension. The cross-assignments are overruled.

Finding no error in the trial court's judgment, it is

Affirmed.