### HOUSING AUTHORITY OF CITY OF DAL-LAS v. BLACKMAN et ux.

### No. 14559.

Court of Civil Appeals of Texas. Dallas.
June 27, 1952.

Motion to Dismiss July 3, 1952.

Supplemental Opinion July 11, 1952.

Rehearing Denied July 25, 1952.

Scurry, Scurry & Pace and Ethan B. Stroud, all of Dallas, for appellant.

McKool, McDaniel & Bader, of Dallas, for appellees.

PER CURIAM.

Appellant's statement of the nature and result of the suit is as follows:

"This is a condemnation suit brought by appellant to acquire Lots 8 and 13 in Block 7 of Wiesenberger's Garden of Eden Addition in Dallas County, Texas against Sammie Blackman et ux., Mamie Blackman, State of Texas, County of Dallas, City and County Levee Improvement District, and the Dallas Independent School District. The Special Commissioners duly appointed by the Judge of County Court of Dallas County at Law No. One filed their report assessing the damages for the taking at $3,550. Appellees, Sammie Blackman, et ux., filed their objection to the decision of the Commissioners and upon trial in the County Court, the jury rendered a verdict for $7,450. Judgment was rendered December 20, 1951; appellant's second amended mo-

tion for a new trial was overruled by the court, and appellant duly perfected its appeal to this Honorable Court."

█ The only point briefed is as follows:

"Where the competent testimony established that the property condemned is of a reasonable cash market value less than the award of the jury it was error for the trial court to refuse a new trial when the verdict was clearly the result of inflamed prejudice and unwarranted sympathy on the part of the jury."

The award of the Commissioners set the value of the property taken at $3,550.

The verdict of the jury placed the value of the property taken at $7,450. Eight witnesses testified as to value,—four for appellant and four for appellees. The values given by the four witnesses for appellant were, $3,500, $3,650, $1,200, and $3,650. The values given by the four witnesses for appellees were as follows: $6,817, $7,055, $7,250, and $8,205.

Appellant in its assignment based only on the one point briefed, asserts that the excess in valuation found by the jury was brought about by improper argument by appellees' attorneys to the jury. The argument was not excepted to nor is there an assignment of error briefed thereon.

We have reviewed the record, and although the four real estate men testifying for appellant are outstanding real estate men in the City of Dallas, with years of experience behind them, also members of the several recognized and important societies of real estate brokers and realtors, yet the jury in this case heard all of such qualifications, and, in fixing the amount of damages in this case, were entitled to give such weight to their opinions as their evidence, together with all other evidence in the record, as to them seemed proper. The four witnesses testifying for appellees were also real estate men, dealing mostly in the lower-priced real estate properties in Dallas, some of them dealing extensively in real estate in the particular vicinity, and in other similar residential districts. The verdict was more than double the amount of the value placed on the property by any

one of the four witnesses testifying for appellant. It was also higher than the value placed thereon by three of appellees' own witnesses. It was, however, as shown above, less than the value set by Blackman's highest witness.

In our opinion the evidence given by appellant's witness Bale to a $1,200 value of the property involved is much more out of line than the evidence given by appellees' witness Miers of an $8,205 valuation.

In view of the above, we have reviewed all the evidence and have reached the conclusion that the judgment is excessive in the sum of $1,500. If appellees, within fifteen days from this date, file a remittitur as to the sum found excessive, a recovery of $5,950 will be affirmed and the judgment, as so modified, will be affirmed; otherwise the judgment will be reversed and case remanded for a new trial.

Affirmed on condition of remittitur.

## On Motion to Dismiss.

CRAMER, Justice.

Our attention has been called, by motion to dismiss this proceeding, to the fact that the record shows the motion for new trial in the trial court was overruled on January 3, 1952 and that the record was filed in this court on March 4, 1952, the 62nd day after the motion for new trial was overruled. Sunday, March 2, was the 60th day, but being Sunday, under Rule 4, Texas Rules of Civil Procedure, appellant had all day March 3rd in which to file the record. Appellant seeks to justify the filing on March 4th because the Courthouse was closed on Monday, March 3rd, that day being celebrated as Texas Independence Day, since March 2nd fell on Sunday.

Appellant also asserts that the three entrances to the Courthouse were closed on March 3rd and there was a sign on one of the doors to the main entrance stating March 3rd was a holiday. As a matter of fact, two entrances to the Courthouse, one on Elm Street and one on Record Street, each had all three doors locked. The three doors to the main entrance on Main Street, the main entrance to the Courthouse, had two doors locked and one unlocked, and the

**550**

sign with reference to March 3rd being a holiday was on the unlocked door. The elevator was in operation all day by the usual Sunday and holiday operator.

March 3rd had been by prior order of the Commissioners Court of Dallas County designated as one of the holidays in 1952, as applied to all county business. The County Clerk's office was closed on that day and the transcript in this cause was not delivered to appellant until March 4th, 1952, as shown by the Clerk's certificate thereon.

Rule 4, T.R.C.P., is the only general rule with reference to holidays and covers "Sundays" and "Legal Holidays."

 Sunday is an ecclesiastical day and under the common law, now the rule in Texas, was and is dies non juridicus, and no valid judicial act could be performed on that day.

As stated by this court, "A judgment rendered on Sunday in a judicial or quasi-judicial proceeding is void." Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ.App., 242 S.W.2d 213, 215, 26 A. L.R.2d 990, writ refused, n. r. e.

Legal holidays are those designated by statute or Rule. March 2 is a statutory legal holiday in Texas.

Court proceedings on a legal holiday are not void, except where expressly so declared by statute, as they are when performed on Sunday. Houston, E. & W. Tex. Ry. Co. v. Harding, 63 Tex. 162; Crabtree v. Whiteselle, 65 Tex. 111.

Rule 386, T.R.C.P., provides for the filing of the transcript and statement of facts within Sixty days after the final judgment, or order overruling motion for new trial.

When the record here was tendered the Clerk on the 62nd day, or on March 4, although no written motion was filed by either party, it was filed and notice was, on the same day, mailed appellee showing the record was filed on that date. No written motion was filed by either party within fifteen days after the expiration of the sixty-day period either to file the record, or to dismiss or strike the record because of alleged late filing. Such a motion could have been filed by appellant within that time, under Rule 386, if the record had been declined by our Clerk, or appellee within that time had filed a motion to dismiss or strike.

Under such record we have the legal question as to whether the filing of a written motion within the fifteen-day period after the expiration of the sixty-day period is waived by our filing of the record within the fifteen-day period without such written motion, for good cause known to the court within the fifteen day period.

Rule 1, T.R.C.P., after stating the reasons therefor, provides " * * * these rules shall be given a liberal construction." Under the record and the spirit of the rules, we hold that a written motion, under the circumstances here, was not necessary, and the court's filing of the record within the fifteen-day period (good cause actually being present and known to the court) was sufficient.

The motion is dismiss is overruled.

Supplemental Opinion.

The remittitur having been filed, judgment is modified and affirmed.