Spurgeon E. Bell, Houston, Rucks, Enlow & Kee, Angleton, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

WOODLEY, Commissioner.

The conviction is for the murder of one Edward F. Rose, the jury having assessed the punishment at 10 years confinement in the penitentiary.

A detailed statement of the evidence will serve no useful purpose.

The case was submitted to the jury on the evening of Saturday, March 15, 1952, and on the following morning the jury returned its verdict.

The record shows that on Sunday, March 16, 1952, the jury returned its verdict, and the court pronounced judgment and remanded appellant, then on bond, to custody. The judgment shown in the transcript is dated and shows to have been entered on March 16, 1952, which date we judicially know to have been Sunday.

A verdict may be lawfully received by the court on Sunday. See Shearman v. State, 1 Tex.App. 215; McKinney v. State, 8 Tex.App. 626; Powers v. State, 23 Tex.App. 42, 5 S.W. 153; Brown v. State, 32 Tex.Cr.R. 119, 22 S.W. 596; Walker v. State, 13 Tex.App. 618; Huffman v. State, 28 Tex.App. 174, 12 S.W. 588; Moore v. State, 49 Tex.Cr.R. 499, 96 S.W. 321.

And the defendant, upon return of the verdict, may be remanded to custody. See Ball v. United States, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377.

But under all authorities applicable in this state, courts have no right to pronounce a judgment or do any other act strictly judicial in nature on Sunday in the absence of a permissive statute. We have no such statute in Texas, and a judgment rendered on Sunday is void. See Shearman v. State, supra; Guerrera v. State, 136 Tex.Cr.R. 411, 125 S.W.2d 595; Ball v. United States, supra.

The same rule seems to apply in civil proceedings. See Skeen v. Foster, Tex.Civ.App., 78 S.W.2d 1041; Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ.App., 242 S.W.2d 213.

In view of another trial, we express the conclusion that the trial court should have admitted the remainder of the conversation between appellant and the arresting officer Strickland, a part of which was offered by the state.

And if the evidence be the same, the jury should, under proper instructions from the court, pass upon the issue as to whether the deceased was conscious of approaching death and had no hope of recovery at the time the statement admitted as a dying declaration was made.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

## WILLIAMS v. STATE.
### No. 25989.

Court of Criminal Appeals of Texas.
Oct. 29, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

BEAUCHAMP, Judge.

Appellant pleaded guilty to the charge of possessing liquor for the purpose of sale. The court found him guilty and assessed the punishment at a fine of $200 and 30 days in jail.

All proceedings appear regular in every respect. Nothing is presented for review by this court because the record is brought forward without a statement of facts or bills of exception.

The judgment of the trial court is affirmed.