

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 30, 1970

Mr. Wiley L. Cheatham
District Attorney
24th Judicial District
Cuero, Texas 77954

Opinion No. M- 603

Re: Authority of a
Justice of the
Peace to hold court
on Sunday.

Dear Mr. Cheatham:

By letter of recent date you have inquired: "May a
Justice of the Peace accept a plea of guilty, render a judg-
ment, or execute other official duties on Sunday?"

In our opinion a Justice of the Peace may hold court on
Sunday for the purpose of trying criminal cases, and may on
Sunday enter judgment and sentence and collect fines in such
criminal cases.

Article V, Section 19, Constitution of the State of
Texas, relating to Justices of the Peace, includes the follow-
ing: "And they shall hold their courts at such times and
places as may be provided by law." (Emphasis added.)

In our opinion the applicable law, enacted pursuant to
the quoted constitutional provision, is found in Article
4.15, Texas Code of Criminal Procedure, enacted in 1965.
That article provides in the first sentence that "Justice
courts and corporation courts may sit at any time to try
criminal cases over which they have jurisdiction." (Em-
phasis added.) The remainder of the article relates to the
rules of evidence to be followed where a fine may be assessed.
Before the 1965 revision of the Code of Criminal Procedure
the first sentence of the new Article 4.15, as quoted above,
comprised Article 63, Code of Criminal Procedure.

Relevant to this discussion is the provision in Article
2351, Vernon's Civil Statutes, to the effect that the commis-
sioners court shall "fix the times and places of holding
justices court."

In our opinion Article 2351 is controlling with regard
to the duty of the commissioners court to fix the place of
holding justices court and the time for holding justices
court for civil proceedings. We hold, however, that Article
4.15, a specific statute expressly directed to the trying of
criminal cases of a misdemeanor nature, is clear and unambig-
uous and constitutes express authority for the Justice of the
Peace to try such cases at any time, including Sunday.

-2875-

You have cited Price v. State, 157 Crim. Rep. 625, 252 S.W.2d 167 (1952); Shearman v. State, 1 Crim. Rep. 215 (1876); Brown v. State, 32 Crim. Rep. 119, 22 S.W. 596 (1893), for the holding that "the court has no authority to render a judgment on Sunday, and that a judgment entered of record on that day is not only erroneous, but is absolutely void." See also in this connection McKinney v. State 8 Tex.App. 626 (1880); Walker v. State, 13 Tex.App. 618 (1833); Powers v. State, 23 Tex.App. 42, 5 S.W. 153 (Court of Appeals, 1887); and Guerrera v. State, 125 S.W.2d 595, 596 (Court of Criminal Appeals, 1939).

We are of the opinion that these cases do not create a conflict with our holding in this opinion, since each of these cases dealt with a felony case in district court. Their holdings are not directly applicable to misdemeanor prosecutions in the Justice or Corporation Courts. Furthermore, the Price and Shearman cases, as well as the Guerrera case, each held that a judgment could not be entered on Sunday absent a permissive statute. It is in Article 4.15, and before that in Article 63, that the Legislature has provided by law, pursuant to Article V, Section 19, Constitution of Texas, the requisite permissive statute where the proceeding is a misdemeanor prosecution in a Justice Court.

### S U M M A R Y

A Justice of the Peace may hold court on Sunday for the purpose of trying criminal cases, and may on Sunday enter judgments and sentences and collect fines in such criminal cases pursuant to Article 4.15, Texas Code of Criminal Procedure.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

Mr. Wiley L. Cheatham,     page 3, (M-603)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman


Charles R Parrett
Glenn Brown
Gordon Cass
Vince Taylor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant